[Civ. No. 7857. First Appellate District, Division Two.—August 24, 1931.]

TRADERS CREDIT CORPORATION (a Corporation), Respondent, v. IRVIN S. THYLE, Appellant.

Bianchi & Hyman for Appellant.

Stimmel & Grupp for Respondent.

NOURSE, P. J.—Plaintiff sued for $3,500, the balance due on a promissory note. Defendant admitted the execution of the note and pleaded that the transaction was usurious. The cause was tried without a jury. Plaintiff had judgment as prayed and defendant appeals upon a bill of exceptions.

On September 21, 1927, defendant wired plaintiff's assignor: "We will gladly pay you five thousand shares (stock in New England Consolidated Mines Company) as bonus for the loan of five thousand dollars for ninety days." Plaintiff's assignor wired back: "Company will make loan if you endorse note. Seven per cent interest after maturity." On the same day plaintiff's assignor wrote a letter to defendant in which he stated: "Just received your wire asking for loan of $5,000, for ninety days, without interest, but with a bonus of 5000 shares of your Mine Company's stock. . . . You will notice though that as I do not know anything about the financial complexion of the Mining Company, I am asking you to endorse the note, and to make it read 7% interest after maturity, should it not be paid in time." On September 23d following defendant mailed his personal note in conformity with these instructions and at the same time wired plaintiff's assignor to send him $2,000 through Western Union and to mail certified check for $3,000. This was done. Defendant received the full sum of $5,000 and plaintiff's assignor received the note in suit. On October 8, 1927, defendant mailed to plaintiff's assignor a certificate for 5,000 shares of the mining company without any further explanation or direction as to the purpose

of sending it. The certificate was received and retained by plaintiff's assignor. Payments of $1500 were made upon the note, together with one payment of interest in the sum of $90.43. Prior to the commencement of the action plaintiff's assignor tendered the return of the stock as worthless. The judgment covers the balance due on the note and interest and $350 as attorney's fees.

On this appeal the appellant states two points—that the transaction was usurious, and that in an action for the principal sum loaned the borrower may set off the value of the bonus paid in contravention of the usury statute. The second point may be conceded. The first is a pure question of fact. The findings on this issue are adverse to appellant, hence it is incumbent upon him to show that these findings have no substantial support in the evidence.

■ The contract does not rest in the original offer of appellant because it was not accepted. The qualifications made by respondent's assignor were accepted by the appellant and these form the contract. This was a simple contract to loan money at 7 per cent interest. The subsequent delivery of the stock, whether given as a bonus, or as a security for the loan, was not part of the contract. Appellant did not prove his affirmative defense of usury by the mere showing that the stock was sent to and received by respondent's assignor. It was incumbent upon him to show the purpose of the delivery of the stock—that it was a consideration for the loan—and that its true value, taken with the rate of interest paid, completed an interest payment of money or value in excess of twelve per cent.

The trial court found that the stock was not given as a bonus or fee in consideration for the loan. Appellant's only evidence on this issue is found in his own testimony. Here we find him testifying that he sent the stock as a bonus for the loan; that he did not send it for that purpose; that he sent it in full payment of the note; that he did not send it for that purpose; and finally, that the note was paid in full by the delivery of the stock. Upon this testimony we cannot say that the trial court erred in finding that appellant had not sustained the burden of proof which the law puts upon him to establish his affirmative issue.

■ Upon the second point there is a direct conflict in the testimony of the two witnesses called to prove the value

of the stock. One testified that it was "worth par one dollar" a share; the other testified that it had no market value. Upon cross-examination of the first witness it was shown that he had no knowledge of the value of the stock, but was merely speaking of the paper value of the shares. Upon this issue as well the burden of proof was on the appellant. Having failed to prove any defense he has failed to show any error in the judgment.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.