[Civ. No. 6996. Second Appellate District, Division Two.—October 29, 1931.]

VAN LEAH McCARTY et al., Appellants, v. ALBERT MELLINKOFF, Respondent.

Seccombe & Bledsoe for Appellants.

Bailie, Turner & Lake and Frederick W. Lake for Respondent.

FRICKE, J., *pro tem.*—The trial court sustained the demurrer to the complaint without leave to amend and plaintiffs have appealed from the judgment entered in favor of defendants. The complaint alleges that on November 28, 1928, plaintiffs borrowed from defendant Albert Mellinkoff the sum of $7,500, giving their promissory note therefor. By this note the makers promised to pay the principal sum "with interest from date hereof on unpaid principal at the rate of twelve (12) per cent per annum; principal and interest payable in installments of one hundred ($100) dollars on the 10th day of each month beginning on the 10th day of January, 1929, and continuing up to and including June 10, 1929; $150 on July 10, 1929, and $150 on the 10th of each succeeding month thereafter up to and including November 10, 1929, and on December 10, 1929, the balance of said principal and interest then remaining unpaid shall be due and payable". The complaint further alleges that plaintiffs paid sums of $100 each on the tenth days of January, February, March and April, 1929, and on April 23, 1929, "paid to the defendant the amount then due upon said note, to wit: the sum of seven thousand four hundred and twenty-nine and 34/100 ($7,429.34) dollars, and the defendant did then and there further demand and on said date received from plaintiffs interest on said amount from April 23, 1929, to December 10, 1929". The complaint demands judgment for three times the amount of interest paid, a total of $2,726.25,

it being appellants' contention that the transaction of April 23, 1929, constituted a violation of the usury law.

 It is evident that the note as executed was not in violation of section 1 of the Usury Law since that law provides that it shall be competent for parties to contract for the payment and receipt of a rate of interest not exceeding twelve per cent per annum where such rate is clearly expressed in writing.

When appellants, the borrowers, came to respondent, the lender, on April 23, 1929, and desired to terminate their obligations under the note, the lender possessed certain rights in addition to his right to repayment of the loan with interest. He had the right to refuse to accept payment prior to maturity of the principal except in the installments expressly provided for by the note. The borrowers, on the other hand, had no right to extinguish their obligation except in the manner authorized by the terms of the note. The payment and cancellation of the note was a matter of new agreement. The lender's statement of the sum he would accept as consideration for cancellation and release from the obligations of the note was an offer which the borrowers could accept or not as they pleased. The situation was no different than if respondent had sold the note to some third person for a like amount. The new agreement did not involve the matter of interest upon an agreement "upon a loan of forbearance of money" but partook rather in the nature of a sale or accord and satisfaction and did not come within the terms of the Usury Law.

The judgment is affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.