[L. A. No. 12422. In Bank.—March 30, 1932.]

W. T. SHARP et al., Appellants, v. MORTGAGE SECURITY CORPORATION OF AMERICA (a Corporation) et al., Respondents.

288

Earl Curtis Peck for Appellants.

Woodruff, Musick & Hartke and George W. Tackabury for Respondents.

PRESTON, J. — The third amended complaint in this action is declared by plaintiffs and appellants to state a cause of action in equity for an accounting and for a preliminary injunction against defendants meanwhile, based upon the alleged presence of usury, fraud and unsoundness of mind of one of the plaintiffs, all respecting a certain loan transaction. Defendants demurred to the complaint on general and special grounds. The demurrer was sustained with leave to amend, but this privilege plaintiffs declined. Judgment, therefore, passed for defendants; hence this appeal.

Plaintiffs borrowed $27,500 from the defendant Mortgage Security Corporation of America, a foreign corporation, giving therefor a series of thirty promissory notes, all dated

May 15, 1926, in amounts of $500 and $1,000, due at stated periods over the years from 1928 to 1936, inclusive, and bearing on their face interest at five per cent shown by interest coupons thereto attached. On the same day a second series of nineteen promissory notes, maturing at quarterly periods between July 15, 1926, and January 15, 1933, were also issued by plaintiffs. These notes aggregated the sum of $4,585; twelve were of the denomination of $297; two of the denomination of $130; two of $135; one of $131; one of $136 and one of $224.

Each note of both series is payable to bearer and is secured by a deed of trust in elaborate form on Los Angeles real property, executed by plaintiffs as joint tenants, naming defendant Security Title Insurance and Guaranty Company, a corporation, as local trustee, and Union Trust Company of Maryland, as foreign trustee. The provision for the payment of said promissory notes is that plaintiffs are to pay to the Mortgage Security Corporation of America, which is in turn to deposit the funds with the Union Trust Company of Maryland, the sum of $286 each month, beginning June 15, 1926, and continuing until May 15, 1936, on which last-mentioned date plaintiffs are to pay the additional and final sum of $11,000. Presumably these amounts, if paid when due, would be sufficient to retire, pay and discharge the various promissory notes executed by plaintiffs.

The cause of action attempted to be set up in count number one of the complaint here under review is predicated upon the averment that the above-mentioned transaction is usurious. Just how this occurs is not clearly set forth, but it is conceded that if the contract is lived up to by both parties according to its terms, no usury will result, provided the whole period of forbearance is taken into consideration when testing the transaction for the presence of usury. This test, however, is challenged and claim arises under the averment that inasmuch as plaintiffs made the monthly payments required, beginning June 15, 1926, and up to and including April 16, 1929, paying a total of $9,438, they paid up to that date the sum of $3,146 in interest, which is usury. How this figure is arrived at does not appear, but it is further alleged that on June 10, 1929, the Mortgage Security Corporation filed with the local trustee its declaration that, under the said written instrument, by reason of plaintiffs'

default, all payments called for by said obligation were then due and payable, the total amount due being $27,494.75. A notice of default and election to sell under the deed of trust was duly recorded on June 11, 1929. From this situation it is further contended that usury is present because the amount paid as interest between the making of the obligation and the day of default is more than $12 on each $100 for one year.

The first question is: What is the period to be considered when testing a transaction for the presence of usury? In *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609, 625 [53 A. L. R. 725, 255 Pac. 805, 807], this court said: "We intended to hold that the maximum rate allowed for loans coming under the act is at the rate of twelve per cent per annum for the full period of the loan, and that within such limit the parties may freely contract in respect thereto, if done in writing." While this pronouncement when made may have been open to the observation that it was *dictum*, yet we based it upon the weight of authority and what was deemed to be the only just rule.

The case of *Easton* v. *Butterfield Live Stock Co.*, 48 Idaho, 153 [279 Pac. 716, 718], is an instructive case citing a great many authorities and the rule is there stated as follows: "In determining whether usurious interest has been charged or collected under a particular contract, it is not permissible to consider only a portion of the term. The test it: Did the lender under his contract charge or receive a profit on his investment in excess of the maximum rate for the full period of the loan? If he has, there is usury; otherwise, not."

A similar holding is found in *Conservative Loan Co.* v. *Whittington et al.*, 120 Okl. 137 [250 Pac. 485, 487], where the court said: "The test as to whether a contract is usurious is: Does the interest charge agreed to be paid under the terms of the contract exceed the amount of interest that would accrue for the term of the loan figured at the full legal contract rate? If it does exceed such amount, it is usurious; otherwise, it is not." (See, also, Webb on Usury, sec. 29.)

It is also elementary that the contract must in its inception require a payment of usury or it will not be held a violation of the statute and it may not be judged after some default of the borrower, which default alone authorizes penalties or forfeitures which, if exacted in the beginning,

would have been a violation of the statute. (*Conservative Loan Co.* v. *Whittington, supra; Clement Mortgage Co.* v. *Johnston,* 83 Okl. 153 [201 Pac. 247]; *M. Lowenstein & Sons* v. *British etc. Co.,* 7 Fed. (2d) 51, 53; 27 R. C. L. 208; *Lowe* v. *Sutherlin, Barry & Co.,* 35 Fed. (2d) 443.)

The cases above cited are also authority for the proposition that a debtor cannot bring his creditor to the penalties of the Usury Law by his voluntary default in respect to the obligation involved where no violation of law is present at the inception of the contract.

Counsel in his brief, although not in his pleadings, seems to make the point that in the case before us, by reason of the acceleration of the maturity date of the obligations, it has been defendants' purpose not only to collect the principal of the sum loaned and the interest accrued up to the time of the default, but that it is also their purpose to collect in addition thereto the entire amount of interest provided for in the obligation for the whole period of forbearance. Unfortunately, however, appellants do not bring themselves to a position where they may rely upon this assertion. This is because they have not pleaded that prior to the institution of the action they tendered to defendants the correct amount due upon the obligation and that such tender, when made, was refused. This, except under peculiar circumstances not here present, is an elementary requirement before relief of this character can be had. (See *Kelley* v. *Owens,* 120 Cal. 502 [47 Pac. 369, 52 Pac. 797]; *Hammond* v. *Wallace,* 85 Cal. 522, 531 [20 Am. St. Rep. 239, 24 Pac. 837]; *Lupton* v. *Domestic etc. Co.,* 173 Cal. 415 [160 Pac. 241]; *Conlin* v. *Studebaker etc. Co.,* 175 Cal. 395 [165 Pac. 1009]; *Crouch* v. *Wilson,* 183 Cal. 576 [191 Pac. 916]; *Zeller* v. *Milligan,* 71 Cal. App. 617, 625, 626 [236 Pac. 349].)

It is true that plaintiffs' complaint contains this allegation: "That when the amount due to the defendants or any of them under and by reason of the said deed of trust and notes is ascertained the plaintiffs are and will be ready, able and willing to pay the said amount to the parties entitled thereto." This allegation is insufficient. (*Hammond* v. *Wallace, supra,* at p. 532; *Herman* v. *Haffenegger,* 54 Cal. 161.)

The last observation also furnishes sufficient ground for the disposition of both the second and third causes

of action in plaintiffs' complaint. Cause of action number two purports to claim that plaintiffs were promised by the defendants that the interest rate on said promissory notes would in no event exceed six per cent per annum and that the fact that it did was fraudulently concealed from them, due to their ignorance of business transactions. Manifestly plaintiffs are in no position to take advantage of such a defense, were it otherwise good, in the absence of a previous offer to pay the amount admittedly due on the obligation.

Count three purports to be based upon the allegation of unsoundness of mind on the part of plaintiff husband. As already pointed out, the husband and wife held the property as joint tenants. There is no sufficient allegation of any lack of competency on the part of the wife. Moreover, when the allegations respecting competency of the husband are studied, it will be seen that at most they are only sufficient to invoke the provisions of section 39 of the Civil Code and not of section 38 thereof. To make this observation clearer, count three shows that the plaintiff husband was not entirely without understanding for he had sufficient mentality to negotiate entirely the transaction here involved and his wife relied upon him, so it is averred, in so doing. It also appears that at least on or about May 1, 1929, the said plaintiff had recovered his understanding entirely. So much so that he appears in this action without a guardian. It is, therefore, clear that when the pleading is considered as a whole, it does no more than plead a situation where one of the makers of a joint obligation was so mentally unsound as to authorize a rescission thereof, but under Civil Code, section 1691, and under the authorities above cited upon this subject, a rescission may not be had in a case such as the one before us without a *bona fide* offer of restoration made previous to the institution of the action and the complaint contains no such averment.

This discussion might be extended, but our view is to no further purpose as the complaint appears on its face to be entirely without merit.

The judgment is affirmed.

Curtis, J., Shenk, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.