[Civ. No. 943. Fourth Appellate District.—October 29, 1932.]

PETER J. GRALL et al., Respondents, v. SAN DIEGO BUILDING AND LOAN ASSOCIATION (a Corporation), Appellant.

Wright & McKee and C. M. Monroe for Appellant.

Dayton L. Ault, Jos. H. Egermayer and Herman Allen for Respondents.

A. A. Rotberg, *Amicus Curiae* on Behalf of Respondents.

BARNARD, P. J.—The plaintiffs brought this action for the purpose of collecting treble the amount of alleged usurious interest, bonus or penalties claimed to have been collected from them by the defendant in violation of the Usury Law (Stats. 1919, lxxxiii). The facts are undisputed and are as follows: On February 1, 1929, the defendant made a loan to the plaintiffs, taking a note for $100,000 secured by a trust deed upon certain real property. The note provided for interest at 8.4 per cent per annum, the interest to be paid monthly in advance beginning February 1, 1929, and the principal to be paid in 120 monthly installments beginning February 1, 1930. At the time the loan was made the defendant deducted $700 as one month's advance interest and the further sum of $2,000 as a bonus or charge for making the loan, the actual amount paid to the plaintiffs being $97,300. On March 18, 1929, the plaintiffs paid $700 interest for that month and a like payment was made in April. No interest payments were made in May or June, but on July 12, 1929, $700 was paid on account of the interest for May, together with $100 as a penalty for delinquency. No interest payments were made for June, July or August. About September 1, 1929, the plaintiffs informed the defendant that they had sold the

real property securing this obligation to Sarah E. and Lira Winn and, at the request of the plaintiffs, the defendant released them from the obligation here in question and accepted in lieu thereof a new note and trust deed from the Winns, as of September 1, 1929, by the terms of which new obligation the rate of interest was reduced and the monthly payments were extended over a period of thirteen years. In connection with this substitution of debtors the defendant demanded and the plaintiff paid the sum of $2,300, $2,100 of which was applied and credited by the defendant upon the delinquent interest on the original note for the months of June, July and August, and $200 as a penalty for such delinquencies. It may be added that in connection with this exchange of debtors, the plaintiffs paid to the defendant an amount representing the exact amount by which the interest called for under the old note was reduced in the new note given by the Winns. However, this amount is not involved in this action, is excluded from consideration by the complaint and the plaintiffs expressly disclaim any reliance thereon.

This action was brought and prosecuted by the plaintiffs upon the theory that they actually received $97,300 through the loan in question; that they had this money for only seven months; that the interest which could legally have been charged for that time is $6,811; and that the $4,500 actually paid by them after the loan was made, together with the $2,700 originally deducted, has resulted in the defendant collecting interest in the sum of $7,200, thus constituting usury. The trial court found that the amount paid by the plaintiffs and collected by the defendant "as interest and/or bonus and/or penalties" was the sum of $7,200 and that the "maximum charge for interest and/or bonus and/or penalties legally chargeable under and by virtue of the Usury Law of the State of California was and is the sum of $6811". The amount found to have been paid was trebled and judgment entered for $21,600, from which judgment the defendant has appealed.

The appellant concedes that the interest which it could legally collect must be computed upon the amount actually received by the respondents, namely, $97,300. ■ In considering whether this contract was usurious in its incep-

tion, we find the rule thus set forth in *Sharp* v. *Mortgage Security Corp.*, 215 Cal. 287 [9 Pac. (2d) 819]:

"The first question is: What is the period to be considered when testing a transaction for the presence of usury? In *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609, 625 [254 Pac. 956, 255 Pac. 805, 807, 53 A. L. R. 725], this court said: 'We intended to hold that the maximum rate allowed for loans coming under the act is at the rate of twelve per cent per annum for the full period of the loan, and that within such limit the parties may freely contract in respect thereto, if done in writing.' While this pronouncement when made may have been open to the observation that it was *dictum*, yet we based it upon the weight of authority and what was deemed to be the only just rule.

"The case of *Easton* v. *Butterfield Live Stock Co.*, 48 Idaho, 153 [279 Pac. 716, 718], is an instructive case citing a great many authorities and the rule is there stated as follows: 'In determining whether usurious interest has been charged or collected under a particular contract, it is not permissible to consider only a portion of the term. The test is: Did the lender under his contract charge or receive a profit on his investment in excess of the maximum rate for the full period of the loan? If he has, there is usury; otherwise not.'

"A similar holding is found in *Conservation Loan Co.* v. *Whittington et al.*, 120 Okl. 137 [250 Pac. 485], where the court said: 'The test as to whether a contract is usurious is: Does the interest charge agreed to be paid under the terms of the contract exceed the amount of interest that would accrue for the term of the loan figured at the full legal contract rate? If it does exceed such amount, it is usurious; otherwise, it is not.' (See, also, Webb on Usury, sec. 29.)

"It is also elementary that the contract must in its inception require a payment of usury or it will not be held a violation of the statute . . . "

It is plain from an examination of the note here in question that if the $2,700 originally deducted be considered as interest and spread over the full period of the loan, and if the same was paid, the lender would not receive a profit on his investment in excess of the maximum amount permitted by the statute for the full period of the loan.

■ It is respondents' contention, however, that the note was usurious from the beginning, and regardless of what later occurred, since it contained a provision to the effect that the appellant agreed "to accept payment in full at the end of any month before one year from date hereof by the payment by the undersigned of all sums due and two months' unearned interest as a bonus". It is argued that this provision renders the contract usurious, since the note could have been paid a month after its execution, in which event the amount of the original deductions would have exceeded the amount of interest permitted for that time. If this contention is correct, a note for $100 for one year at 5 per cent interest, the interest paid in advance, would be usurious if it contained a clause that the debtor might pay the note at any time after one day. And this, regardless of whether or not the note was actually paid ahead of time, and regardless of any offer to return the advance interest collected. While this point has not been directly decided in this state, other authorities do not support this contention. In 39 Cyc. 953, it is said: "As a general rule, when the terms of the contract permit the borrower to discharge himself by paying before a date specified the sum lawfully due, a provision imposing upon him in the alternative a more burdensome payment in the nature of a penalty will not render the contract usurious . . . "

In 27 Ruling Case Law, 235, the rule is thus stated: "It is generally agreed that the acceptance of payment of a debt before maturity, with interest to the date of maturity, does not constitute usury . . . and where the borrower has an option to pay the debt before maturity, the contract is not made usurious by reason of the fact that on exercising the option to pay before maturity the borrower is required to pay more than the legal rate of interest for the time he had the use of the money."

In *Cissna Loan Co.* v. *Gawley*, 87 Wash. 438 [151 Pac. 792, Ann. Cas. 1917D, 722, L. R. A. 1916B, 807], the court said: "But the trial court seems to have rested its decision in part on the fact that the notes were payable before maturity at the option of the borrowers at an advance rate of interest which would render them usurious if so paid. But we cannot think this fact justifies the conclusion that the notes are usurious. Such a payment would be voluntary

on the part of the borrowers. They were in no way obligated to pay the loan before maturity. The agreement was thus in the nature of a penalty which the lender exacted for the privilege of paying before maturity. Not being capable of enforcement by him, it was not usurious.''

In *Clement Mortgage Co.* v. *Johnston,* 83 Okl. 153 [201 Pac. 247], we find:

"The rule that paying additional money by the lender for and in consideration of accelerating the loan, even though the amount paid may exceed the legal rate at the time the money is used, does not constitute usury, is set out in the fourth syllabus in the case of *Deming Inv. Co.* v. *Reed et ux.,* 72 Okl. 112 [179 Pac. 35], heretofore cited:

" 'Further, that because the mortgagee under the contract by the exercise of his option accelerating the maturity of the loan was entitled to demand more than the amount of the loan with legal interest to the time the loan is called does not make the transaction usurious.'

"This rule seems to be sustained by all the authorities.''

In this state, in the case of *McCarty* v. *Mellinkoff,* 118 Cal. App. 11 [4 Pac. (2d) 595], it was held that the collection of an additional amount upon the payment of a note before maturity does not constitute usury, even though it results in the receipt of a greater return than the statute permits for the period the loan actually existed. While the contract involved in that case contained no option to pay before maturity, that decision was largely based upon the ground that such an additional payment is one which the borrower is not obliged to make, and which he makes only for the purpose of securing an additional benefit to himself. It would seem that similar principles should apply where an option to pay before maturity upon the payment of an additional penalty is included in the note. Not only is such an agreement one that cannot be enforced by the lender, and one in the nature of a penalty for a further privilege to the borrower, but in fact money so paid is paid not for the "loan or forbearance of money", but for an exactly opposite purpose. We think the contention that this note was usurious from the beginning, without regard to what afterward occurred, is without merit.

It is next contended that this loan became usurious when it was repaid at the end of seven months, since such

repayment was made in accordance with the terms of the contract. It is argued that the rule laid down in *McCarty v. Mellinkoff, supra,* has no application here since this loan was repaid under a right conferred by the original obligation, and not by reason of any new agreement. In addition to what we have already said as to the effect of extra payments made for the privilege of paying before maturity, under an option included in the original contract, it fully appears here that this obligation was not paid in accordance with the option clause of the note relied on. The only right given by that clause was the right to pay in lawful money, upon the payment of a bonus. The note was neither paid in money nor was a bonus of two months' interest charged or collected. Instead of exercising any right under the terms of the note, the respondents requested the substitution of other parties in their place as debtors, and obtained a transfer of the obligation to such other parties with a consequent release of liability upon their part. So far as appears, the appellant was under no obligation to make this change, which was accomplished only through a new agreement entered into by the parties concerned. If the amount originally deducted from this loan be considered as having been paid by this arrangement, and be treated as spread over the shorter period rather than the term of the original loan, such a situation has resulted not from the terms of the original note, but from the new agreement subsequently entered into, and is not usurious. (*McCarty v. Mellinkoff, supra.*)

A further consideration is whether the $2,700 originally deducted from the loan is to be considered as paid within the meaning of the act in question. Respondents' theory of usury is based upon the claim that this $2,700 was paid by them through the acceptance by appellant of a new note and trust deed from the other parties. Aside from any such technical payment, the only amount ever paid by respondents and received by this appellant is the $4,500 which was paid as above indicated. There is no evidence as to the worth of the new note nor that any part thereof has been or ever will be paid. If any part of this $2,700 is ever paid, it will be paid by these other parties and presumably the payment thereof will be spread over the thirteen-year period of the new loan. While the original note may

be considered as having been technically paid through the substitution of other debtors, as a practical matter, the entire loan has merely been transferred to other parties, for the benefit of the respondents who have been released from their obligation in connection therewith. While the usurious character of a contract is to be determined by the amount of interest agreed to be paid (*Westman* v. *Dye*, 214 Cal. 28 [4 Pac. (2d) 134]), a suit to recover the three-fold penalty must be based upon the amount actually paid. In *Liebelt* v. *Carney*, 213 Cal. 250 [2 Pac. (2d) 144, 146, 78 A. L. R. 405], the court said: "But section 3, by its terms, limits the suit for penalties to a debtor who has paid, against the party who is entitled to receive and does actually receive the payment from him." In *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609 [254 Pac. 956, 958, 255 Pac. 805, 53 A. L. R. 725], the court said:

"In this connection, however, it should be observed that the three per cent charge, totaling $1,020, was not actually paid and is, therefore, not a proper item of said judgment for trebling the amount thereof.

. . . . . . . . . . .

"To authorize the infliction of the penalty the interest must, of course, be paid. (*Coulter* v. *Collins*, 71 Cal. App. 381 [235 Pac. 465]; 27 R. C. L., p. 275, sec. 78.)"

Not only has the amount of $2,700 originally deducted from this loan never been actually paid to the appellant, but by special and specific agreement between the parties the entire loan has been transferred to other parties, including the spreading of the payment of this very amount over a long term of years. Aside from all other considerations, we think this amount has not been paid within the meaning of the treble penalty provision of section 3 of the Usury Law.

It has been frequently held that the Usury Act should be used as a shield and not as a sword. In *Haines* v. *Commercial Mortgage Co., supra*, the court said:

"It is true that in determining whether or not the transaction is usurious the court 'will disregard its form and look to the substance, and will condemn it if all of the requisites of usury are found to be present, despite any disguise it may wear'."

The converse of this proposition should be equally true. The actual situation here is that the respondents had a loan of $97,300 for seven months for which the maximum legal interest would have been $6,811, but for which they actually paid $4,500, and by a new agreement they have been released from their original liability. On the other hand, the appellant, after receiving only $4,500 as interest, bonus and penalties for the use of $97,300 for seven months, has by the judgment been penalized in the sum of $21,600 because, instead of standing upon its contract as originally drawn, it extended the term of the loan and accepted the substitution of another debtor, at the request of and for the benefit of the respondents. We are unable to believe that such a result is within the contemplation of this act, or that it can arise from a proper application of the law to the undisputed facts of this case. We think the loan here in question was neither usurious when made nor became so through the subsequent acts shown by the evidence. Since the facts are undisputed and the only question presented is one of law, there is no occasion for a retrial of the action.

The judgment is reversed, with directions to the trial court to enter judgment in favor of the appellant.

Marks, J., and Jennings, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 22, 1932.