[Civ. No. 7036. Second Appellate District, Division One—May 11, 1933.]

L. W. BUSH et al., Appellants, v. A. W. SIKKING, Respondent.

Dryer, Castle, McConlogue & Richards and Walter H. Odemar for Appellants.

Catherine A. McKenna and Ira S. Hatch for Respondent.

YORK, J.—This in an appeal from a judgment of the superior court, rendered in an action in which plaintiffs asked for recovery of three times the amount of interest paid to defendant, on the theory that it was paid in violation of the provisions of the Usury Act of the state of California. The whole question involved is whether or not the Usury Act limits the interest that may be received to twelve per cent for the actual time that the money was had by the plaintiffs, or whether the defendant had the right to accept an amount in excess of twelve per cent per annum (computed upon the shortened period), in addition to the principal, by reason of the fact that the loan in question was paid before the maturity of the note. In other words, was the payment of an amount in excess of twelve per cent per annum, plus the principal, a violation of the Usury Act, when the total amount of such interest paid did not exceed ten per cent per annum for the full period to the maturity of the note?

One question was raised by appellants as to whether or not the note was one to be paid on or before two years, or whether it was to be paid two years after date, as contended by the defendant. The first portion of the note states: "Two years after date, for value received, I promise to pay," while at the end of the note is the following statement: "This note is secured by assignment of Title to Apt. #1007 Sovereign Apt. Long Beach, and if paid on or before maturity, the said Title or certificate of interest shall be assigned back to me."

■ The contention of the appellants is that the inclusion within the note of the phrase "if paid on or before maturity" governs the two-year period to the extent that the note was payable at any time at the option of the plaintiffs, while the defendant contends that the provision "if paid on or before maturity" is inserted in the note solely and only because of the fact that, if the note for any reason should be paid before maturity, then the security was to be returned to the plaintiffs upon such payment, and that such phraseology does not make the note a note payable on *or before* two years after date. We can see nothing in the words contained in the note, which was dated February 23, 1928, that would make this other than a note that was due on the twenty-third day of February, 1930, and not before that date.

■ In the case of *Sharp* v. *Mortgage Security Corp.*, 215 Cal. 287, 290 [9 Pac. (2d) 819, 820], it is stated: "The first question is: What is the period to be considered when testing a transaction for the presence of usury? In *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609, 625 [254 Pac. 956, 255 Pac. 805, 807, 53 A. L. R. 725], this court said: 'We intended to hold that the maximum rate allowed for loans coming under the act is at the rate of twelve per cent per annum for the full period of the loan, and that within such limit the parties. may freely contract in respect thereto, if done in writing.' While this pronouncement when made may have been open to the observation that it was *dictum*, yet we based it upon the weight of authority and what was deemed to be the only just rule.

"The case of *Easton* v. *Butterfield Live Stock Co.*, 48 Idaho, 153 [279 Pac. 716, 718], is an instructive case citing many authorities and the rule is there stated as follows: 'In determining whether usurious interest has been charged or collected under a particular contract, it is not permissible to consider only a portion of the term. The test is: Did the lender under his contract charge or receive a profit on his investment in excess of the maximum rate for the full period of the loan? If he has, there is usury; otherwise not.' .

"A similar holding is found in *Conservative Loan Co.* v. *Whittington et al.*, 120 Okl. 137 [250 Pac. 485, 487], where the court said: 'The test as to whether a contract is usurious

is: Does the interest charge agreed to be paid under the terms of the contract exceed the amount of interest that would accrue for the term of the loan figured at the full legal contract rate? If it does exceed such amount, it is usurious; otherwise, it is not.' (See, also, Webb on Usury, sec. 29.)

"It is also elementary that the contract must in its inception require a payment of usury or it will not be held a violation of the statute. . . . "

We have not had any case cited to us where an amount of interest has actually been received under the terms and conditions as were present in the instant case, but, if the reasoning which we have just quoted from the case of *Sharp* v. *Mortgage Security Corp.*, *supra*, is a correct test as to whether or not a transaction is usurious, then this receipt of an amount less than twelve per cent interest for the entire period of two years would not be a violation of the Usury Act.

The judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.