[L. A. No. 17451. In Bank.—August 1, 1940.]

J. ROLLIN FRENCH et al., Appellants, v. MORTGAGE GUARANTEE COMPANY (a Corporation), Respondent.

Kraft & Gray and Harold D. Kraft for Appellants.

Fleming & Robbins, C. S. Tinsman and Clay Robbins for Respondent.

THE COURT.—This action was brought to recover money and a penalty thereon alleged to have been paid in a usurious transaction. From a judgment rendered in favor of the defendant, after trial without a jury, the plaintiffs appealed. A hearing was granted in this court after decision by the District Court of Appeal, Second Appellate District, Division Two, in order to give further consideration to the con-

tention that the ruling of the District Court of Appeal was contrary to that made in other appellate court decisions. After a review of the entire record it is the opinion of this court that the decision of the District Court of Appeal is correct. We have therefore adopted certain portions of that opinion which, together with such interpolations and additions as will hereinafter appear, constitute the decision of this court.

"The essential facts are: December 11, 1936, plaintiffs executed in favor of defendant company a note reading as follows:

" 'Installment Note (Principal in Installments — Interest Separately)

" '$27,500.00 Los Angeles, California, December 11, 1936.

" 'In installments and at the times hereinafter stated, for value received, I promise to pay to Mortgage Guarantee Company, a corporation, or order, at its office in the City of Los Angeles, California, or at such other place, either within or without the State, as the holder of this note may from time to time designate, the principal sum of Twenty-Seven Thousand Five Hundred Dollars, with interest from date on deferred payments until paid at the rate of five per cent per annum, payable March 1st, 1937 and quarterly thereafter. Said principal sum payable in installments of Eight Hundred Twenty-five Dollars ($825.00) each on the first day [of each and every sixth month, beginning on the first day] of September, 1937, to and including September 1st, 1946. The entire balance of the then unpaid principal and interest shall be due and payable March 1st, 1947.

" 'Should the interest not be so paid it shall become a part of the principal and thereafter bear like interest as the principal. Should default be made in the payment of any installment of the principal or interest when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Principal and interest payable in lawful money of the United States.

" 'Privilege is hereby reserved of paying this note on March 1st, 1938, or on any interest payment date thereafter prior to March 1st, 1942, maturity, by giving ninety days' written notice to the holder hereof and accompanying said notice with a sum of money equal to 90 days' unearned interest

on the then unpaid principal as a bonus for such prepayment privilege.

. . . . . . . . . . . . .

" 'Privilege is also reserved of paying this note on March 1st, 1942, or on any interest payment date thereafter prior to maturity by giving 90 days' written notice, plus a sum equal to 1% of the then unpaid principal as a bonus for such privilege.

" 'EFFIE D. FRENCH

" 'J. ROLLIN FRENCH

"At the same time plaintiffs filed an application for a building loan from defendant and executed a trust deed to secure payment of the aforesaid note. Defendant immediately allocated [and credited to plaintiffs' account] $27,500 for the plaintiffs' loan, which at all times was available to plaintiffs on their compliance with the building loan contract executed by them."

By the terms of the building loan contract it was contemplated that the building should be completed within 120 days of the signing of the contract; that the proceeds of the loan should be advanced from time to time as the work progressed in such amounts as the defendant's appraiser should recommend; that one-fifth of the amount of the loan should be retained by the defendant until completion of the building and if at that time no mechanic's lien had been filed, the balance should be paid to plaintiffs; that notwithstanding the fact that the proceeds of the loan were to be advanced in instalments, interest other than that agreed to be paid in advance (in the sum of $825) which was to be prorated over the life of the loan, should be paid in the amounts and at the times stated in the promissory note.

"Defendant in fact paid out on plaintiffs' order on the dates set opposite each sum the following amounts:

"$4,125 February 24, 1937;

"$5,500 May 21, 1937;

"$5,500 July 31, 1937;

"$1,500 September 30, 1937;

"$4,000 November 30, 1937;

"$1,375 December 6, 1937.

"The balance of the amount of the loan, $5,500, was available to plaintiffs at all times upon their compliance with the terms of their building loan application.

"March 1, 1937, plaintiffs received a statement for $305.56, interest at 5 per cent per annum from December 11, 1936, to March 1, 1937, on the full amount of the loan. At this time plaintiffs claimed that they should be charged interest only on the amount of money actually advanced. However, upon it being pointed out to them that it was in accordance with the terms of their building and loan application, they paid on April 1, 1937, the [said] sum to defendant, . . . '' Thereafter until January 21, 1938, plaintiffs paid interest from time to time on the full amount of the loan notwithstanding the fact that the entire amount thereof had not been advanced to them at the time of the respective interest payments.

"In December of 1937 differences arose [in connection with one of the provisions of the building loan contract] between the plaintiffs and defendant. Thereupon plaintiffs requested defendant to permit them to pay and discharge their whole obligation to defendant in accordance with the prepayment option contained in the note . . . [and to apply the remaining $5,500 which had not yet been advanced to them, on the unpaid principal of the note]. Although under the prepayment option contained in the note the option could not be exercised until March 1, 1938, defendant permitted plaintiffs to discharge their obligation January 21, 1938.''

It is conceded that at the time the prepayment option was exercised by plaintiffs, and the transaction brought to an end, the lender had received as interest at least the sum of $2,336.74; also that interest, at the rate of ten per cent, computed from the respective dates moneys were advanced to plaintiffs, to the date of repayment of the loan, did not exceed the sum of $1500.

However, the interest rate on the note was five per cent per annum, and by the terms of the loan contract *all* interest, including that charged on funds which had not been advanced at the time of the respective interest payments, was to be prorated and distributed over the entire life of the loan, that is, from December 11, 1936, to March 1, 1947, or a period of time in excess of ten years. Both parties agree that had the loan been carried out for the complete term contemplated by the contract no interest in excess of the rate allowed by law would have been received by the lender.

It has long been the rule in this state that in testing a contract for usury, the entire period of the loan must be

taken into consideration. (*Sharp* v. *Mortgage Security Corp.*, 215 Cal. 287 [9 Pac. (2d) 819] ; *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609 [254 Pac. 956, 255 Pac. 805, 53 A. L. R. 725] ; *Kraemer* v. *Coward*, 2 Cal. App. (2d) 506 [38 Pac. (2d) 458] ; *Penziner* v. *West American Finance Co.*, 133 Cal. App. 578 [24 Pac. (2d) 501] ; *Bush* v. *Sikking*, 131 Cal. App. 703 [21 Pac. (2d) 1013] ; *Finley* v. *Wyatt*, 113 Cal. App. 233 [298 Pac. 80] ; *Grall* v. *San Diego Bldg. & Loan Assn.*, 127 Cal. App. 250 [15 Pac. (2d) 797] ; vol. 11, Cal. Jur. Ten-Year Supp., p. 120.)

Thus, in the case of *Bush* v. *Sikking*, 131 Cal. App. 703, where the subject is thoroughly considered, the court said:

''The whole question involved is whether or not the Usury Act limits the interest that may be received to [the then rate of] twelve per cent for the actual time that the money was had by the plaintiffs, or whether the defendant had the right to accept an amount in excess of twelve per cent per annum (computed upon the shortened period), in addition to the principal, by reason of the fact that the loan in question was paid before the maturity of the note. In other words, was the payment of an amount in excess of twelve per cent per annum, plus the principal, a violation of the Usury Act, when the total amount of such interest paid did not exceed ten per cent per annum for the full period to the maturity of the note?

. . . . . . . . . . . . . . .

''In the case of *Sharp* v. *Mortgage Security Corp.*, 215 Cal. 287, 290 [9 Pac. (2d) 819, 820], it is stated: 'The first question is: What is the period to be considered when testing a transaction for the presence of usury? In *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609, 625 [254 Pac. 956, 255 Pac. 805, 807, 53 A. L. R. 725], this court said: ''We intended to hold that the maximum rate allowed for loans coming under the act is at the rate of twelve per cent per annum for the full period of the loan, and that within such limit the parties *may freely contract* in respect thereto, if done in writing.'' While this pronouncement when made may have been open to the observation that it was *dictum*, yet we based it upon the weight of authority and what was deemed to be the only just rule, [citing *Conservative Loan Co.* v. *Whittington et al.*, 120 Okl. 137 [250 Pac. 485, 487] ; *Easton*

v. *Butterfield Live Stock Co.*, 48 Idaho, 153 [279 Pac. 716, 718].]'" (Emphasis added.)

As already indicated, in the present case the allegedly excessive interest collected was brought about by the voluntary act of plaintiffs in exercising the prepayment option. The rule is that in such circumstances the transaction is not thereby made usurious. The following authorities are to that effect: *Grall* v. *San Diego Bldg. & Loan Assn.*, 127 Cal. App. 250 [15 Pac. (2d) 797]; 66 C. J., ch. 117; *Southland Life Ins. Co.* v. *Egan*, 126 Tex. 160 [86 S. W. (2d) 722, 724]; *Deming Inv. Co.* v. *Reed et ux.*, 72 Okl. 112 [179 Pac. 35]; *Clement Mortgage Co.* v. *Johnston*, 83 Okl. 153 [201 Pac. 247]; *Eldred* v. *Hart*, 87 Ark. 534 [113 S. W. 213, 215]; *Anderson* v. *Hirsch*, (Tex. Civ. App.) 112 S. W. (2d) 535; *Barringer* v. *Jefferson Standard Life Ins. Co.*, 9 Fed. Supp. 493, 494, 495; *Cissna Loan Co.* v. *Gawley*, 87 Wash. 438 [151 Pac. 792, Ann. Cas. 1917D, 722, L. R. A. 1916B, 807]; 27 R. C. L., p. 235; see, also: note, vol. 21, Cal. Law Rev., p. 289.

Thus in the case of *Grall* v. *San Diego Bldg. & Loan Assn.*, 127 Cal. App. 250 [15 Pac. (2d) 797], the plaintiff borrowed from the defendant $100,000, repayable in ten years by monthly instalments. The first month's interest and a bonus were deducted in advance, and the plaintiff received only $97,300. The plaintiff's note, which was secured by a deed of trust upon certain real property, called for interest at a lawful rate, and provided that the plaintiff might repay the full amount within the year upon payment of two months' unearned interest. After making some interest payments, the plaintiff sold the property, and, with the consent of the defendant, transferred the obligation to the grantee and was released therefrom. An action was brought to recover treble the amount of the interest payments made by the plaintiff, on the ground that the transaction was in violation of the California Usury Law. It was held that the agreement was not usurious. In ruling that the full period of the loan must be considered in deciding whether excessive payments had been exacted, the court said:

"It is plain from an examination of the note here in question that if the $2,700 originally deducted be considered as interest and spread over the full period of the loan, and if the same was paid, the lender would not receive a profit on his

investment in excess of the maximum amount permitted by the statute for the full period of the loan.

"It is respondents' contention, however, that the note was usurious from the beginning, and regardless of what later occurred, since it contained a provision to the effect that the appellant agreed 'to accept payment in full at the end of any month before one year from date hereof by the payment by the undersigned of all sums due and two months' unearned interest as a bonus'. It is argued that this provision renders the contract usurious, since the note could have been paid a month after its execution, in which event the amount of the original deductions would have exceeded the amount of interest permitted for that time. If this contention is correct, a note for $100 for one year at 5 per cent interest, the interest paid in advance, would be usurious if it contained a clause that the debtor might pay the note at any time after one day.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"In 27 Ruling Case Law, 235, the rule is thus stated: ' . . . where the borrower has an option to pay the debt before maturity, the contract is not made usurious by reason of the fact that on exercising the option to pay before maturity the borrower is required to pay more than the legal rate of interest for the time he had the use of the money.' "

Appellants rely on the cases of *Penziner* v. *West American Finance Co.*, 10 Cal. (2d) 160 [74 Pac. (2d) 252], and *Penziner* v. *West American Finance Co.*, 133 Cal. App. 578 [24 Pac. (2d) 501], in which usury was held to be present in a transaction wherein plaintiffs had procured a construction loan, the proceeds of which were available to them only in instalments but where they were charged interest for the full amount of the loan. However, those cases are distinguishable on the ground that there the loan period was not shortened by a voluntary act of the debtor, and the full period of the loan was considered in deciding that usury was present. Moreover, the rule herein announced was recognized in *Penziner* v. *West American Finance Co.*, 133 Cal. App. 578 [24 Pac. (2d) 501], where the court said: "Where the excessive interest is caused by a contingency under the lender's control, or not under the borrower's control, the transaction is usurious; *otherwise when the contingency is under the borrower's control.*" (Emphasis added.)

A provision for acceleration of the maturity date upon default in payment of instalments of principal or interest, and actual payment of the principal before the date of maturity where there is no provision to that effect in the note (*McCarty* v. *Mellinkoff*, 118 Cal. App. 11 [4 Pac. (2d) 595]) present situations analogous to that presented by the prepayment option. In each of the former situations the lender has been permitted to receive more than the legal rate of interest for the time the loan has actually run. (*Sharp* v. *Mortgage Security Corp.*, 215 Cal. 287 [9 Pac. (2d) 819]; *Anderson* v. *Hirsch*, (Tex. Civ. App.) 112 S. W. (2d) 535; *Barringer* v. *Jefferson Standard Life Ins. Co.*, 9 Fed. Supp. 493; 11 Cal. Jur. Ten-Year Supp., p. 123; note: 45 Harv. Law Review, p. 196; *Kraemer* v. *Coward*, 2 Cal. App. (2d) 506 [38 Pac. (2d) 458]; *Low* v. *Sutherlin, Barry & Co.*, 35 Fed. (2d) (C. C. A., 9th Cir.) 443, 445.) Thus in the case last cited the court said with regard to an allegedly usurious transaction, '' . . . there is still .no usury, unless we hold that a . . . contract nonusurious if complied with by the debtor, may be rendered by him usurious and illegal by his voluntary default in respect thereto. That a debtor cannot so bring his creditor under heavy penalties is too clear to admit of discussion, . . . (*Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609 [254 Pac. 956, 255 Pac. 805, 53 A. L. R. 725].)''

Appellants concede that with regard to the acceleration of the maturity of the debt on the debtor's default the rule is as stated in the last cited cases, but they contend that the default of a debtor amounts to a breach of contract and therefore that it presents a different situation from that which is created by the exercise of a prepayment option. However, on principle, there would seem to be less reason for refusing to allow the debtor to bring his creditor to the penalties of the usury law in the case of a default, which is usually an involuntary act of the debtor, due to his inability to pay, than there would be where, as here, the latter acts voluntarily to bring about a termination of the loan period. However, the foregoing authorities clearly support the views herein expressed that a debtor cannot by his voluntary act render a transaction usurious which, but for such circumstance, would be entirely free from a claim of usury.

Appellants make the further contention that under the 1934 amendment to article XX, section 22, California Con-

stitution, a lender cannot receive more than ten per cent interest in any *one* year. The amendment provides that the lender shall not ''receive from a borrower more than ten per cent per annum upon any loan or forbearance of any money . . . ''. Prior to the amendment the statute provided that a lender could not receive a greater sum than ''at the rate of twelve dollars upon one hundred dollars for one year''. (Stats. 1919, p. lxxxiii.) A reading of that portion of the constitutional amendment just referred to shows that no change in the usury law was thereby effected other than a reduction of the maximum rate of interest which a lender may receive for the loan or forbearance of money. (*Penziner* v. *West American Finance Co.*, 10 Cal. (2d) 160 [74 Pac. (2d) 252].)

The judgment is affirmed.