[Civ. No. 16490.   First Dist., Div. One.   Dec. 28, 1955.]

ADOLPH WHITE et al., Appellants, v. DAN
SWEENEY, JR., Respondent.

Donald M. Haet for Appellants.

Bernard B. Glickfeld for Respondent.

PETERS, P. J.—Plaintiffs appeal from an adverse judgment based on the sustaining without leave to amend of a demurrer to their first amended complaint.

The challenged pleading seeks a declaration that a certain promissory note is usurious, and also requests that the note be reformed to show the true amount borrowed. The pleading alleges that on March 22, 1950, plaintiffs borrowed $3,000 from defendant, executing and delivering to defendant their promissory note in the sum of $3,500, plus interest at 6 per cent on the unpaid balance, payable in 69.13 monthly installments of $60 each, commencing April 15, 1950; that plaintiffs have paid defendant $2,100; that the interest charged on this obligation is usurious, being 11.94 per cent; that the law fixes a maximum rate of 10 per cent.

The trial court apparently believed that, as a matter of law, the transaction was not usurious, and so sustained the demurrer without leave to amend.

The question presented is whether the interest here involved is in excess of the 10 per cent per annum limitation imposed by article XX, section 22, of the state Constitution. The parties agree that the $500 differential between the amount loaned and the amount of the note must be treated as interest, that such interest should be spread over the entire period of the loan, and must be added to the 6 per cent per annum interest provided in the note. The cases so hold. (*Grall* v. *San Diego Bldg. & Loan Assn.*, 127 Cal. App. 250 [15 P.2d 797]; *Haines* v. *Commercial Mtg. Co.*, 200 Cal. 609 [254 P. 956, 255 P. 805, 53 A.L.R. 725]; *Connor* v. *Minier*, 109 Cal.App.Supp. 770 [288 P. 23]; *Otis* v. *1. Eisner Co.*, 7 Cal.App.2d 496 [46 P.2d 235].) The parties differ, however, as to how the $500 differential should be spread over the entire period of the loan.

The trial court amortized over the entire 69.13 month period the $500 bonus assuming that the full $3,000 was owed for all of that period. By this method of computation the interest rate chargeable to the $500 item is 2.8 per cent. When this is added to the 6 per cent provided in the note the result is 8.8 per cent, which, of course, is well under the 10 per cent constitutional limitation. Respondent cites *French* v. *Mortgage Guar. Co.*, 16 Cal.2d 26 [104 P.2d 655,

130 A.L.R. 67], and *Grall* v. *San Diego Bldg. & Loan Assn.*, 127 Cal.App. 250 [15 P.2d 797], in support of this method of computation. These cases, although containing some general language which, when separated from the facts to which the language was intended to apply, supports respondent, actually stand for no such general proposition. In those cases the borrower had the power to prepay the loan. It was properly held that in determining whether the loan was usurious the full term of the loan should be considered rather than a shorter period created when the loan was prepaid. The basis of this common sense rule is that the borrower cannot be permitted to convert an otherwise legal loan into a usurious one by his own act of prepayment.

The two cases cited are of no help in determining the problem here involved. ■ There is obviously a basic fallacy in the contention that the $500 bonus should be treated as interest on $3,000 over 69.13 months, when actually each month the principal is proportionately reduced by the $60 monthly payment. Where interest and principal payments are made periodically over a fixed period as set forth in the note, as in the instant case, it is a simple mathematical fact that each month the principal decreases. In the instant case the principal was $3,000 payable at $60 per month over 69.13 months. The $60 monthly payment substantially exceeded the monthly interest, so that each month the principal was reduced. One does not have to be an accountant or mathematician to know that the rate of interest produced by $500 amortized on an ever decreasing principal over 69.13 months is greater than the rate of interest determined by amortizing the $500 on a full $3,000 over the entire 69.13 months. Appellants submitted to the trial court and have included in their briefs what they call a "standard formula" by which the rate of interest on a decreasing principal is computed. By this formula appellants claim that as a mathematical certainty the total interest rate here charged exceeds 11 per cent, and certainly exceeds the 10 per cent permitted by law. Appellants ask us to hold, as a matter of law, based on this formula, that the interest rate is excessive.

We are not inclined to take judicial notice of this formula and to rule on this complicated mathematical problem as a matter of law. ■ In some cases the court, with even its limited mathematical abilities, can easily determine whether a certain interest charge does or does not exceed the lawful rate. In such cases it is proper to decide the issue as a

matter of law on demurrer. But where the determination of the rate requires complicated calculations it would appear that the issue should be decided as a question of fact based on expert evidence. The courts generally, in such cases, have held or suggested that the issue is one of fact and not of law. (*Middlekauf* v. *Vinson*, 106 Cal.App.2d 204 [234 P.2d 742] ; *Traders Credit Corp.* v. *Thyle*, 116 Cal.App. 252 [2 P.2d 568] ; *Milana* v. *Credit Discount Co.*, 27 Cal.2d 335 [163 P.2d 869, 165 A.L.R. 621].)

Respondent also seeks to sustain the judgment by the claim that the appeal was not filed in time. The judgment was entered December 28, 1953. The notice of appeal, which appears in the record, was filed February 16, 1954. Respondent contends that this appeal was abandoned on February 23, 1954; that thereafter appellants moved under section 473 of the Code of Civil Procedure to vacate the judgment; and that after denial of this motion, appellants filed a second notice of appeal on March 9, 1954. This was, of course, more than 60 days after entry of the judgment.

Respondent is in no position to raise the point. The only record now before us shows the filing of the notice of appeal on February 16, 1954, well within the time prescribed by law. Moreover, the other division of this court, in May of 1954, denied a motion to dismiss this appeal, made on the very grounds now urged. This alone is sufficient basis for refusing to consider the point for a second time. (*Tyrrell* v. *Baldwin*, 78 Cal. 470 [21 P. 116].) In any event, under rule 3(b) of the Rules on Appeal, the so-called second appeal, if one was taken, was filed within the time permitted by law.

The judgment appealed from is reversed.

Bray, J., and Wood (Fred B.), J., concurred.