[Civ. No. 19550.   First Dist., Div. Two.   Jan. 11, 1962.]

ROY E. GIORGI et al., Plaintiffs and Appellants, v. CARL CONRADI et al., Defendants and Respondents.

DiMaria & Daschbach for Plaintiffs and Appellants.

Rea, Frasse, Anastasi, Clark & Chapman and William G. Clark for Defendants and Respondents.

KAUFMAN, P. J.—This controversy arises from a real estate transaction between the parties. By this action, plaintiffs, Roy and Victoria Giorgi, sought to have the transaction declared a usurious loan. The parties entered into a stipulation in the trial court that one Charles E. Hoppe had been appointed receiver for the plaintiffs in proceedings under chapter II of the Bankruptcy Act in the United States District Court for the Northern District of California, Southern Division, Nos. 49613 and 49614, and that the said Charles E. Hoppe, as receiver, had been authorized by said court to maintain this action and that any judgment rendered would be binding upon the said Charles E. Hoppe as receiver for the plaintiffs. The trial court, hearing the case without a jury, found that the transaction was not usurious and entered judgment accordingly. Plaintiffs appeal.

Plaintiffs alleged that on May 25, 1956, they borrowed $45,000 directly from the defendants; that as a condition of this loan, the defendants required that the appellants execute and deliver a promissory note for $60,000 secured by a deed of trust, naming defendant, California Pacific Title Insurance Company as trustee; that concurrently with the execution of the $60,000 note, the defendants also required the plaintiffs

to execute a holding agreement which was a scheme to avoid the usury laws, so defendant's could charge $15,000 for the $45,000 loan; at all times plaintiffs were the owners of the real property in question; that the defendants also required them to execute another promissory note in the principal sum of $2,000, payable in installments of $25 from the sale of each lot, for legal services; that such charge for legal services was exorbitant and made for the sole purpose of concealing the intent to charge a usurious rate of interest; that the defendants have received $55,325 from plaintiffs.

The trial court found all of these allegations to be untrue and found that on May 31, 1956, the defendants sold to the plaintiffs certain parcels of real property (known as the Sheraton Place Tract) in Santa Clara County. As a part of the purchase price, the plaintiffs validly executed and delivered a promissory note for the principal of $60,000 payable one year from date, at the rate of 10 per cent per annum, secured by a deed of trust for a portion of the purchase price, naming California Pacific Title Insurance Company as trustee. The deed of trust was recorded on June 29, 1956.

Subsequently, at the request of the plaintiffs, the parties executed a holding agreement giving the plaintiffs a 30-day option to purchase the property. This agreement was dated by some person other than the defendants and bore the date of May 31, 1956. Thereafter, the plaintiffs voluntarily exercised their option, and paid $53,000 of the purchase price, which amount was not usurious. The trial court further found that a separate promissory note for $2,000 was validly executed and delivered by the plaintiffs to the defendants as a reasonable fee for legal services in connection with the sale; that prior to May 31, 1956, title to the real property in question was in Walter B. Roberts, who conveyed the title to California Pacific Title Insurance Company, for the benefit of the defendants; that as no payments were made after June 17, 1957, the defendants duly gave notice of sale of the real property pursuant to the terms of the deed of trust; the sale was enjoined by the bankruptcy court. The court concluded that the defendants were entitled to the balance of $7,000 of the purchase price, plus $689.92 interest; that the sum of $8,447.98 was deposited by the plaintiffs with California Pacific Title Insurance Company, covering the amounts due; that no loan had been made by the defendants to plaintiffs, and that the plaintiffs were not entitled to any relief on their complaint.

Plaintiffs' sole contention on appeal is that the trial court erred in finding that the transactions were not usurious. Their contention is not well taken. Plaintiffs' argument is simply that the evidence is insufficient to support the findings.

In passing on the sufficiency of the evidence to support the findings, it must be remembered that an appellate court will view the evidence in the light most favorable to the respondent, will not reweigh the evidence, and will indulge all intendments and reasonable inferences which tend to sustain the findings of the trial court (*Berniker* v. *Berniker,* 30 Cal.2d 439, 444 [122 P.2d 557]). Conflicts in the evidence, of course, must be resolved by the trier of the facts. Furthermore, in reviewing the sufficiency of the evidence, the task of an appellate court ends when it finds substantial evidence, contradicted or uncontradicted, that supports the challenged finding (*Stafford-Lewis* v. *Wain,* 128 Cal.App.2d 614 [276 P.2d 157]).

Whether a business transaction is usurious depends on its own facts. The presumptions are that such transactions have been fair, regular and legal (Code Civ. Proc., § 1963, subds. 19 and 33; *Hersum* v. *Latham,* 120 Cal.App.2d 325, 328 [260 P.2d 988]; *Stafford-Lewis* v. *Wain, supra,* at pp. 620 and 621). It is a question of fact as to whether a particular transaction is or is not usurious (*Wheeler* v. *Superior Mortgage Co.,* 196 Cal.App.2d 822, 829 [17 Cal. Rptr. 291]). Where, as here, the form of the transaction makes it appear that to be nonusurious, it is for the trier of fact to determine whether the intent of the parties was that disclosed by the form adopted, or whether such form was a mere sham and subterfuge to cover up a usurious transaction (*Janisse* v. *Winston Investment Co.,* 154 Cal.App.2d 580, 582 [317 P.2d 48, 67 A.L.R.2d 225]). The burden is upon the one who charges the extraction of usurious interest to prove his charges by a preponderance of the evidence (*Advance Industrial Finance Co.* v. *Western Equities, Inc.,* 173 Cal.App.2d 420, 428 [343 P.2d 408]; *Sharp* v. *Mortgage Securities Corp.,* 215 Cal. 287 [9 P.2d 819]).

Applying these principles, it is apparent that the evidence amply supports the findings. The uncontroverted evidence indicates that Giorgi was most anxious to acquire the Sheraton Place Tract property as he felt he could make a substantial profit by subdividing and building on it; he was an experienced subdivider and had participated in similar projects. At one time Giorgi contemplated buying the prop-

erty from Roberts for $90,000. The arrangement between the parties was made because Roberts was in financial difficulties and because Giorgi did not have a sufficient amount to buy the property but wanted to pay for it as each of the lots was sold as outlined in the holding agreement. The various documents were not dated as the parties merely had an informal understanding that if Roberts sold the property to the defendants for $45,000, Giorgi had a 30-day option to buy it for $60,000 payable at $1,000 per lot as each lot was sold.

■ The criteria for determining whether a transaction is a loan or investment are aptly summarized in *Batchelor* v. *Mandigo*, 95 Cal.App.2d 816 [213 P.2d 762] at page 823 as follows: " 'The rule set forth in 55 Am.Jur. 342 does indicate to the court a reasonable line of demarkation between a legitimate business venture with the parties unequal in the extent of their risk but equally eager in their anticipation of profit, and a situation in which a necessitous borrower is victimized by a designing usurious lender. It is there suggested that a transaction is likely to be a loan where the recipient of the money parts with title to *property of his own* as security. On the other hand, the transaction is more likely to be a business venture where the money is used entirely for the purchase of *property not theretofore owned by either* of the persons.' " ■ The uncontroverted evidence established that the plaintiffs did not become the owners of the property until after the consummation of the transaction, and that Giorgi exercised his option by the payment of $1,000. Giorgi testified that he was interested only in acquiring the land, not in merely borrowing money, and that he had promised Roberts a job as construction superintendent with a bonus per lot if Roberts went through with the deal.

Judgment affirmed.

Shoemaker, J., and Agee, J., concurred.