WILLIAM CHURCH vs. ST. PAUL TITLE INSURANCE & TRUST CO.

Argued by respondent, submitted on brief by appellant, June 28, 1894. Affirmed Aug. 16, 1894.

No. 8799.

**Assignee in insolvency may be sued without leave in any court.**

> An action to recover a debt incurred by an assignee under the insolvency laws of this state may be brought in any court having jurisdiction of the amount involved.

Appeal by defendant, the St. Paul Title Insurance and Trust Company, from a judgment of the Municipal Court of the City of St. Paul, *John Twohy, Jr., J.*, entered February 9, 1894, against it for $127.58.

The Church Paint and Manufacturing Company, a corporation, being insolvent made an assignment November 16, 1893, of all its property to defendant under Laws 1881, ch. 148, in trust to pay its debts. The defendant accepted the trust and as assignee employed the plaintiff, William Church that day as general manager of the plant and estate so assigned. He continued in charge until December 30, 1893. Not being paid for his services he brought this suit January 8, 1894, in the Municipal Court of the City of St. Paul to recover their rea-

sonable value. The defendant answered that as assignee it is an officer of the District Court of Ramsey County and as such officer of that court employed plaintiff. That on account thereof the Municipal Court has no jurisdiction to hear or adjudge its controversy with plaintiff and asked that the suit be dismissed. Plaintiff moved the Municipal Court to strike out this answer as frivolous and irrelevant, and for judgment on the pleadings. The court granted the motion and judgment was entered. Defendant appeals.

*Stevens, O'Brien, Cole & Albrecht,* for appellant.

*John B. & E. P. Sanborn,* for respondent.

COLLINS, J. The appellant's contention here is that the District Court, having jurisdiction of the proceedings in insolvency, is the only tribunal in which the controversy between those parties can be litigated and determined. The statute (Laws 1893, ch. 54) would seem to be broad enough to confer upon any court in the state, having jurisdiction of the amount involved, authority to try and determine cases of this character. But, in any event, the question was really disposed of in *Irwin* v. *McKechnie, ante,* p. 145, (59 N. W. 987.)

Judgment affirmed.

BUCK, J., absent; did not sit.

(Opinion published 59 N. W. 1103.)