LIZZIE L. HUTCHINSON *vs.* EDWIN W. HERRICK.

Argued July 17, 1894. Affirmed Aug. 16, 1894.

No. 8872.

**Usury, bonus when deducted to determine.**

Application of the rule laid down in *Smith* v. *Parsons,* 55 Minn. 520, for determining whether an agreement which exacts a bonus from the borrower of money is usurious.

Appeal by plaintiff, Lizzie L. Hutchinson, from an order of the District Court of Hennepin County, *Robert D. Russell,* J., made January 20, 1894, sustaining defendant's demurrer to her amended complaint.

January 21, 1891, plaintiff gave defendant, Edwin W. Herrick, her note for $6,500 secured by mortgage due five years thereafter bearing interest at the rate of seven per cent per annum payable semiannually, but she received only $6,012.50. The defendant retained as bonus $487.50. On the day following defendant sold and assigned the note and mortgage to Frederick Fox of Portland, Me. who had no notice or knowledge of the retention of any bonus, but was an innocent purchaser for value. Plaintiff paid three installments of semiannual interest to July 21, 1892, and on that day paid and Fox received the principal, although not due.

She then brought this action to recover of defendant the entire money paid to Fox, $7,182.50. Defendant demurred to the complaint and the demurrer was sustained by the trial court, *Thomas Canty, J.*, and she was given leave to amend. She served an amended complaint and defendant again demurred. The demurrer was sustained and she appeals.

*John H. Long*, and *Andrew S. Keyes*, for appellant.

The contract was usurious because it was agreed that a consideration should be paid for the use of the money loaned other than as expressed in the written contract.

Again, the written contract provided for seven per cent interest payable semiannually. The true agreement was that appellant should pay the rate specified in the notes, also a commission of $487.50 in advance which amounted to $932.50 for the first year. This is fourteen and one half per cent. Laws 1879, ch. 66.

*Koon, Whelan & Bennett*, for respondent.

The complaint, although drawn with a painful effort to make the transaction appear in some way as a loan for one year shows very clearly that the loan was a single transaction for five years, and that whatever money was paid by way of bonus or commission was paid for the loan, for the whole time, and not for any particular portion of the time for which the loan was made. *Smith* v. *Parsons*, 55 Minn. 520.

. COLLINS, J. The real character and scope of this transaction very clearly appear in the complaint, although it is more than once alleged

therein that the sum agreed to be paid by plaintiff for the first year for the use of the amount of money loaned to her by defendant was usurious, illegal, unlawful, and corrupt, and that, therefore, the notes which she gave were of the same nature. The allegations, disclosing exactly what the transaction was, bring the case directly within the rules for determining whether a usurious contract was made, stated in *Smith* v. *Parsons*, 55 Minn. 520, (57 N. W. 311,) and it is governed by it. The court there said that, when the agreement exacts from the borrower a bonus to be paid to the lender for making the loan, that, on the question of usury, must be deducted, as of the date when it is to be paid by the terms of the agreement. If payable at the time of advancing the loan, it is, for the purpose of determining what rate of interest the agreement reserves to the lender, to be deducted, as of that date, from the amount of the loan nominally agreed upon, and the computation of interest made upon the remainder. Tested by this rule, we discover that more than the amount received as a bonus could have been taken without tainting the transaction with usury. This disposes of both points made by counsel.

Order affirmed.

BUCK, J., absent, took no part.

CANTY, J., having tried the case below, when district judge, did not sit.

(Opinion published 59 N. W. 1103.)