[Civ. No. 4269.  Third Appellate District.—April 6, 1931.]

J. E. FINLEY, Respondent, v. OWEN E. WYATT, Appellant.

Charles E. Hobart for Appellant.

Fred W. Morrison for Respondent.

MR. JUSTICE PLUMMER Delivered the Opinion of the Court.—This is an appeal by the defendant from a judgment of foreclosure in favor of the plaintiff entered in the above-entitled action.

The record shows that on the twelfth day of August, 1921, the plaintiff loaned to the defendant the sum of $2,000. The loan was evidenced by a note of the same date, made payable in three years. To secure the repayment of the money borrowed, a mortgage was executed by the defendant, and delivered to the plaintiff, bearing the same date. Interest was made payable at the rate of eight per cent per annum, payable quarterly. At the time of the execution of the note and mortgage and the loan of the money, as just stated, the defendant agreed to, and subsequently did pay to the plaintiff the sum of $100 as a bonus for the loan. The bonus was paid by the defendant to the plaintiff in installments of $25, payments being made on the following dates: November 12, 1921, $25; February 12, 1922, $25; May 12, 1922, $25; August 11, 1922, $25; making the full sum of $100. Thereafter, and during the year 1924, the note and mortgage were extended for an additional three-year period. For and in consideration of the extension, the defendant agreed to and did thereafter pay to the plaintiff the sum of $100 as a bonus. The date of this payment does not appear in the record, although the extension of the note and mortgage is dated the eleventh day of August, 1924. The agreement as to the payment of the bonus was not in writing, but appears to have been contemporaneous in the first instance with the execution of the note and mortgage and the making of the loan of $2,000, and in the second instance, at the date of the execution of the instrument extending the date of the payment of the note and mortgage for an additional three years.

The record shows that the full sum of $2,000 was paid by the plaintiff to the defendant at the time of the loan, no part of the bonus being deducted therefrom. The note not being paid, suit was begun to foreclose the mortgage given

to secure the payment thereof, and judgment of foreclosure entered.

It is contended by the appellant that under the Usury Act (Stats. 1919, p. lxxxiii; Act No. 3757, Deering's General Laws of California), the loan under consideration is usurious; that the note and mortgage are void, and if not void *in toto,* that the appellant is entitled to a deduction of three times the interest paid on the loan under the provisions of section 3 of the Usury Act. Section 1 of the act reads as follows: "The rate of interest upon the loan or forbearance of any money, goods or things in action or on accounts after demand or judgments rendered in any court of this state, shall be seven dollars upon the one hundred dollars for one year and at that rate for a greater or less sum or for a longer or a shorter time; but it shall be competent for parties to contract for the payment and receipt of a rate of interest not exceeding twelve dollars on the one hundred dollars for one year and not exceeding that rate for a greater or less sum or for a longer or shorter time, in which case such rate exceeding seven dollars on one hundred dollars shall be clearly expressed in writing." Appellant's contention is based upon the concluding portion of the section just quoted, providing that if any interest is contracted for greater than seven per cent per annum, such rate shall be clearly expressed in writing. In the case at bar, the agreement for the payment of the bonus was oral in both instances, and therefore, does not comply with the wording of the section as to the payment of the rate of interest in excess of seven per cent per annum. It does not follow, however, that the contract is rendered void by reason of the agreement to pay a bonus being oral. In this case the rate of interest included the bonus, and spread over the period of the loan, does not exceed twelve per cent per annum. The calculation set forth in the record shows that it is a trifle in excess of nine per cent.

By the provisions of section 2 of the Usury Act it is specified that no person shall, directly or indirectly, take or receive, in money, goods or things in action, or in any other manner whatsoever, any greater sum or value for the loan or forbearance, etc., than twelve per cent per annum. Then, by section 3 of the same act the legislature makes the

demanding or receiving of any sum in excess of twelve per cent per annum, unlawful.

There is absolutely nothing in the Usury Law which makes compensation for a loan which does not exceed twelve per cent per annum, usurious. 'Nor is there anything in the act which makes the receiving of any sum of money, as compensation for a loan less than twelve per cent per annum, a misdemeanor. There is nothing in the act which makes the receiving of the bonus, in this case $100 at the time of the loan agreed to be paid in installments thereafter, and $100 at the time of the extension, usurious or a misdemeanor. Section 1 of the act does provide that such an agreement must be clearly expressed in writing. ■ From which it follows, not that the note and mortgage are void; not that the loan is usurious; not that the appellant is entitled to offset against the principal of the note treble the amount of interest paid thereon; but that the agreement for the payment of $200 as a bonus which was subsequently paid, not having been clearly expressed in writing, does not conform to the provisions of the law relative to the loan of money and the deducting of interest, is without legal consideration, and must therefore be held to be a payment upon the principal of the note as of the dates when payment was made. ■ There is nothing in the contention of appellant that the contract for the repayment of the principal sum loaned is made void even though usurious interest is charged.

The case of *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609 [53 A. L. R. 725, 273 Pac. 35, 255 Pac. 805], relied upon by the appellant, holds directly to the contrary. In that case the provisions of the Usury Law are carefully set forth, and it is therein specifically held that the money penalties relate only to the interest and not to the principal. The other cases cited by appellant have no relevancy whatever to the issues tendered for our consideration, and need not be mentioned.

■ The respondent concedes an error in the preparation of the findings and judgment in that allowance was not made on the principal of the $200 paid as a bonus, and stipulates that the judgment entered shall be corrected so as to provide for the entry of $1800 as principal, with interest thereon at the rate of eight per cent per annum

from the twelfth day of May, 1927, together with the allowance of $25 as costs for searching title, $140 for attorneys' fees, $12.50 for costs, deducting therefrom interest on $100 for three years at the rate of eight per cent, and interest on $200 at the rate of eight per cent from the twelfth day of August, 1924, to May 12, 1927. It is manifest that these errors would have been corrected if called to the attention of the trial court by a motion for a new trial.

The record further shows that the appellant in this case did not tender and never made any offer to pay the amount justly due upon the note and mortgage involved herein, but sought to obtain the release therefrom on the theory that the contract was void, and also on the further theory that the appellant was entitled to deduct three times the amount of interest paid upon the note, the tender of payment being only for such sum as would remain due upon the note after deducting treble the amount of the interest paid. Under these circumstances, we conclude that costs should not be allowed to either party.

It is ordered that the judgment of foreclosure be and the same is hereby modified as herein stated, and as so modified, affirmed.