[Sac. No. 4780. In Bank.—October 29, 1934.]

MANUEL LEWIS et al., Appellants, v. PACIFIC STATES SAVINGS AND LOAN COMPANY (a Corporation) et al., Respondents.

Sheridan Downey and Morgan V. Spicer for Appellants.

Orrick, Palmer & Dahlquist for Respondents.

PRESTON, J.—This appeal involves the construction of certain provisions of sections 1, 2 and 3 of the so-called Usury Act (Stats. 1919, p. lxxxiii; Act No. 3757, pp. 1908 et seq., Deering's Gen. Laws).

On September 7, 1928, plaintiffs executed to defendant Pacific States Savings and Loan Company of Stockton, California, their promissory note in the principal sum of

$172,000, with interest thereon at seven per cent per annum, principal and interest payable as follows: $1604.76 on October 20, 1928, and the same amount monthly thereafter for a period of five years, to wit: until September 20, 1933, at which time the balance of the principal, to wit: $129,000, was to be due and payable. Unpaid principal and interest, when not paid according to the agreement, were to draw interest at the rate of ten per cent per annum. It was further provided that failure for a period of ten days to pay any installment of principal and interest in full authorized the payee, at its option, to declare the whole obligation due and payable. The note was secured by deed of trust of even date naming Pacific States Auxiliary Corporation as trustee. To further secure said obligation plaintiffs executed, on said date, to said loan company, a chattel mortgage on the contents of the apartment house located on said property mentioned in the deed of trust. As still further security, plaintiffs, on said date, assigned to said loan company the rents due and thereafter to become due them as owners of said property.

Plaintiffs made the payments provided for for some twenty-six months, to wit: until November 20, 1930. They thereafter defaulted, failing also to discharge the second installment of taxes for the fiscal year 1929–1930 as well as the first installment for the year 1930–1931, both of which items were liquidated by the loan company. On December 18, 1930, said loan company caused the trustee to duly record a notice of breach and election to sell under the deed of trust, whereupon plaintiffs instituted this action to enjoin a sale under said deed of trust on the ground that they were not in default, praying that said transaction be declared usurious; that a penalty in treble the amount of all interest paid be imposed; also that the maturity date of the entire principal be postponed until the end of the period of forbearance without interest.

The issues thus tendered were met by a sufficient answer and at the same time a cross-complaint was interposed by defendants, seeking a foreclosure of the aforesaid chattel mortgage as well as the impounding of the rents yielded by said property. The cause came on for trial and the court made findings and gave judgment granting a measure of relief to plaintiffs, consisting of the following: A provision

enjoining the sale under said deed of trust on the ground that the notice of breach and election to sell, recorded December 18, 1930, was prematurely given and made; also fixing the then total amount due from plaintiffs to defendant loan company at the sum of $169,279.54, but likewise decreeing that plaintiffs were in default at that time and further decreeing a foreclosure of the chattel mortgage and the impounding of the rents, and for a deficiency judgment in the event of failure to realize the full amount due from said sale and from said rents.

Plaintiffs appealed. All questions raised by them center around two contentions: (1) That partial relief only was granted to them under their claim of usury; (2) that a foreclosure of the chattel mortgage and other relief granted upon the cross-complaint was unwarranted. We shall now consider these contentions:

The court found that the loan company at the time of granting the loan deducted from the principal and retained to itself a so-called amortization service charge of $9,030; also an item of $1800, designated as for notarial, escrow and recording fees and expenses for examination and appraisement of the property and buildings and kindred items. The court declared the whole first item and $1600 of the second item to be in reality interest exacted without written provision therefor in the contract, hence a violation of section 1 of said Usury Act. These items were therefore disallowed and deducted, with interest, from the principal. This action was clearly proper and of it plaintiffs do not complain.

But plaintiffs do complain of failure of the court to find that inasmuch as these excluded items themselves bore interest, the loan company had exacted interest upon interest in violation of sections 2 and 3 of the Usury Law and thereby incurred the penalty of treble damages. In other words, while conceding that the interest exacted, under whatsoever form, did not, in the aggregate, exceed the limit of twelve per cent per annum, over the period of forbearance, yet, by taking interest upon the disallowed items, defendants collected compound interest and thus became liable for the treble penalty. In this contention plaintiffs are clearly in error.

So much of section 2 as is here pertinent reads as follows: "No . . . company . . . shall directly or indirectly take or receive in money . . . or in any other manner whatsoever, any greater sum or any greater value for the loan or forbearance of money . . . than at the rate of twelve dollars upon one hundred dollars for one year; and in the computation of interest upon any . . . note, or other instrument or agreement, . . . interest shall not be compounded, nor shall the interest thereon be construed to bear interest unless an agreement to that effect is clearly expressed in writing and signed by the party to be charged therewith. Any agreement . . . in conflict with . . . this section shall be null and void as to any agreement . . . to pay interest and no action at law to recover interest in any sum shall be maintained and the debt cannot be declared due until the full period of time it was contracted for has elapsed."

We have already seen that giving full effect to the contentions of appellants, the limit of twelve per cent per annum for the period of forbearance is not overreached. Besides, the promissory note itself provides for the payment of interest at the rate of ten per cent per annum upon all installments or portions thereof remaining unpaid at any maturity date. This would seem to be the compound interest or interest upon interest referred to by the act. The fact that the condemned items remain a part of the principal as shown by the face of the obligation, and draw interest, does not bring the transaction under the penalties prescribed by sections 2 and 3 of said act. This interest upon interest is taken into consideration when testing the transaction for usury, as announced in the case of *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609, 625 [254 Pac. 956, 255 Pac. 805, 53 A. L. R. 725]. See, also, *Smith* v. *Parsons*, 55 Minn. 520 [57 N. W. 311], *Hutchinson* v. *Herrick*, 58 Minn. 473 [59 N. W. 1103], *Gold-Stabeck Loan etc. Co.* v. *Kinney*, 33 N. D. 495 [157 N. W. 482], and 66 C. J., sec. 148, pp. 220, 221.

The above authorities declare a rule stated in the case of *Smith* v. *Parsons, supra*, as follows: "When the agreement exacts from the borrower a 'bonus' to be paid to the lender for making the loan, that, on the question of usury, must be taken out as of the date when it is to

be paid by the terms of the agreement. If payable at the time of advancing the loan, it is, for the purpose of determining what rate of interest the agreement reserves to the borrower, to be deducted as of that date from the amount of loan nominally agreed on, and the computation of interest made on the remainder.''

Making the illustration concrete, in the instant case the calculation, based on a yearly and not a monthly payment of interest, would be roughly: interest upon the principal of $161,370 ($172,000 less the condemned items of $9,030 and $1600), at twelve per cent per annum for a period of five years, would be $96,822, which, added to said principal, makes a total sum of $258,192. However, calculating interest as called for upon the face of the note ($172,000 at seven per cent for five years, or $60,200) and adding such amount to said gross principal, $172,000, we reach a total of $232,000. Now compare these two totals. If the latter exceeded the former, the transaction would be usurious; if not, there would be no usury. On this basis usury was absent in the transaction before us and such method of calculation thus answers the objections urged by appellants.

The District Court of Appeal, in the case of *Finley* v. *Wyatt*, 113 Cal. App. 233 [298 Pac. 80], construed the said sections of the Usury Act in harmony with the rule here promulgated.

But little need be said as to the propriety of foreclosure of the chattel mortgage and impounding of the rents under the cross-complaint in this action. This was clearly allowable under section 442 of the Code of Civil Procedure. Certain installments were due; plaintiffs were in default. Said instruments were independent security for the obligation of plaintiffs and provided for the relief granted. The causes of action alleged in the cross-complaint certainly grew out of the contract sued upon and no possible reason can exist for denying defendants the right to set up such matters by said pleading, with a prayer for such relief as said instruments authorize.

The judgment is affirmed.

Curtis, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.