[Civ. No. 5340.   Third Appellate District.—June 11, 1935.]

E. G. OTIS, Receiver, etc., Appellant, v. I. EISNER COMPANY (a Corporation) et al., Respondents.

Meserve, Mumper, Hughes & Robertson for Appellant.

Louis M. Lissner, Isadore H. Prinzmetal, Overton, Lyman & Plumb, Cecil A. Borden, Loeb, Walker & Loeb and Earl Adams for Respondents.

COATS, J., *pro tem.*—The Quinby Corporation executed to the defendant I. Eisner Company two certain notes or bonds, denominated in the instrument themselves as bonds, and which for convenience will hereafter be referred to as such. The first of these was executed on April 1, 1928, for the principal sum of $450,000, and the second on June 26, 1929, for the sum of $274,566.66. The second bond was in renewal of the first bond, and was for the unpaid balance of the original indebtedness. After default was made in the payments of principal and interest, plaintiff, as receiver for the Quinby Corporation, brought this action claiming that the bonds were usurious and asking for a money judgment for the interest paid, and for other relief. From the judgment of the trial court in favor of defendants, plaintiff appeals.

The claim of plaintiff is that the transaction was usurious in the inception, and that the renewal, being connected with or growing out of the original transaction, is also tainted with usury. The appeal is on the judgment roll. The court in its findings clearly sets forth the particulars of the transaction.

On April 1, 1928, the Quinby Corporation executed to the defendant, I. Eisner Company, a bond for the principal sum of $450,000, and bearing interest at the rate of eight per cent per annum, payable monthly on the first day of each month. The principal sum was also payable in monthly instalments on the first day of each month, beginning May 1, 1928. These instalments were sixty-two in number, and for the following amounts: For the months of May, 1928, to December, 1928, inclusive, the sum of $1666.67 each; for the month of January, 1929, the sum of $1666.64; for the months of February, 1929, to January, 1930, inclusive, the sum of $3,000 each; for the months of February, 1930, to December, 1930, inclusive, the sum of $4,166.67 each; for the month of January, 1931, the sum of $4,166.63; for the months of February, 1931, to January, 1932, inclusive, the sum of $4,500 each; for the months of February, 1932, to May, 1933, inclusive, the sum of $5,500

each; and the last instalment on June 1, 1933, for the remainder of the principal, to wit, the sum of $207,000. The bond was secured by a deed of trust, and before it was executed a permit was applied for and secured from the commissioner of corporations, authorizing the Quinby Corporation to incur an indebtedness of $450,000. The real amount of the money loaned, however, was the sum of $405,000, the remainder being in the nature of a bonus for the making of the loan. The court treated this $45,000 as interest, and adopting plaintiff's calculations, found from the foregoing facts that the rate of interest throughout the entire period of the bond was 12.03293 per cent per annum, and, therefore, usurious. It further found that the bonds were issued pursuant to the permit from the commissioner of corporations, and, therefore, did not come within the provisions of the Usury Act. It accordingly affirmed the judgment.

The briefs are largely devoted to questions relating to the extent of the protection afforded the parties to the transaction by the permit issued by the commissioner of corporations. It will not be necessary to pass upon these questions, as the contract is not usurious, the trial court having been in error when it determined that the rate of interest exceeded twelve per cent per annum.

The determination of the interest rate requires careful arithmetical calculations. Neither party questions the accuracy of the arithmetical results obtained by the other, but they use different methods to calculate such interest, and thereby arrive at different results. The error of the court is due to the fact that it adopted the scheme of the plaintiff in the calculation of such interest.

The case of *Lewis* v. *Pacific States Savings & Loan Co.*, 1 Cal. (2d) 691 [37 Pac. (2d) 439], decided after judgment was rendered in this case, clearly defines the law applicable to the facts of this case, and prescribes the rule to be followed in the computation of interest to determine its usurious character. It is as follows: When a bonus is paid for the making of a loan, it must be considered as interest, and taken out of the principal at the time of the making of the loan, and interest then computed upon the remainder of the principal. If upon such calculation, the interest so computed, plus the bonus, exceeds twelve per cent per annum,

the contract is usurious, and if not, there is no usury. It is only necessary to apply this rule to the present case.

The nominal loan was $450,000. The interest at the rate of eight per cent per annum amounts to $144,553.33. This amount plus the bonus of $45,000 makes the actual interest $189,553.33. The real loan was $405,000. The bond calls for payments of principal and interest, which will, at the date of its maturity, reduce the principal to $207,000. By reason of the fact that the real loan was $405,000, not only the amount of the principal specified in the bond, but also the amount of the instalments so specified must be disregarded in determining whether the contract is usurious. The monthly payments of principal and interest are to be applied according to the well-established rule that such payments shall first be applied to the interest due at the time of payment, and then to the principal. (*Monroe* v. *Fohl,* 72 Cal. 568 [14 Pac. 514].) Using this rule it is determined that an interest rate of 11.18 per cent per annum, or .0093178 per cent per month will so reduce the principal to $207,000, and that the total interest at said rate will equal the actual interest, to wit, said sum of $189,553.33. Applying the illustration given in *Lewis* v. *Pacific States Savings & Loan Co., supra,* interest at the rate of twelve per cent per annum would produce a sum considerably in excess of $200,000, but there will remain unpaid upon the principal a sum considerably in excess of the last instalment of principal, which excess the maker of the bond would, of course, not be required to pay. This illustration is used for the purpose of showing that transaction is not usurious. The real rate of interest is, however, manifestly the rate that will reduce the principal to the amount of said last instalment. As before stated, this rate is 11.18 per cent per annum. The transaction is clearly not usurious.

All parties are in agreement as to the correctness of the sum of $189,553.33, but according to the trial court's computations, this amount, over the full period of the bond, exceeded the maximum interest allowable by $623.33, and produced a rate above twelve per cent, to the extent of .03293 of one per cent. As before stated, the court adopted the scheme of the plaintiff. The reason for the error is made apparent by plaintiff's brief. He reduced the nominal prin-

cipal to the true amount, but, nevertheless, holds the monthly instalments thereof to the exact amounts stated in the bond, although it should be manifest that if the principal cannot remain at the nominal amount, neither can the instalments thereof. He then applies the monthly payments first to the amount of the nominal or unreal instalment of principal specified in the bond and then to the interest. By this method the principal is monthly reduced below the true amount thereof and the interest on the principal so reduced would, of course, appear larger proportionately in amount than it actually amounts to when calculated on the real principal. In other words, there is created an artificially low principal and an artificially high rate of interest. The result is that, according to this method of calculations, at the date of the maturity of the bond, the final instalment of principal is reduced to $162,000 instead of the $207,000 specified in the bond, and the final monthly interest payment totals more than $45,000. This explains the finding of the court, for by such reasoning does plaintiff endeavor to establish, and does the court base its finding, that the contract is usurious.

■ Plaintiff in fact asks the court to set aside the transaction as fictitious, for the purpose of arriving at the true basis for the computation of interest, and then immediately restore and adopt such fictitious transaction for the purpose of calculating such interest. Plaintiff's position is analogous to that of the man who would ''eat his cake and have it, too''. The court, in determining whether a contract is usurious, will disregard the form and look to the substance to determine if the requisites of usury are present, despite the disguise (*Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609 [254 Pac. 956, 255 Pac. 805, 53 A. L. R. 725]), but it will not use the guise of the false transaction to brand a contract as usurious, when, according to reasonable rules, it is not to be so construed.

■ The conclusion of the court, based on the particular facts found, was wrong, and this affirmatively appears from the record. Therefore, the court exercising the powers given it by section 956a of the Code of Civil Procedure, does hereby amend the findings of fact in this case as follows:

Paragraph XXV is struck out and the following paragraph is adopted in its stead:

### XXV.

That the rate of interest required under said bond by the Quinby Corporation to I. Eisner Co. is less than twelve per cent per annum.

In paragraph XXIX, in the second line of said paragraph, as it appears in the transcript, strike out the words "on account of principal".

The findings, as modified, support the judgment of the court.

The judgment and order denying plaintiff's motion for another and different judgment are affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 9, 1935.