[Civ. No. 19152. Second Dist., Div. Three. Dec. 30, 1952.]

ERNEST C. RICORD et. al., Appellants, v. RICHARD JOHN ARAGON et al., Respondents.

Lauren M. Handley for Appellants.

Wendell W. Schooling, Wallace F. Mills and Kenneth M. Liskum for Respondents.

SHINN, P. J.—Action for declaratory relief and to enjoin sale of real property under a trust deed. Judgment was for defendants and plaintiffs appeal.

In September, 1950, plaintiffs inserted an advertisement in the Los Angeles Examiner reading as follows: "$3,000 Bonus—Want $27,000.00 1st T.D. on De Lux 10 units. 6% Interest." Defendants Aragon, husband and wife, answered the advertisement and on September 28, 1950, an agreement was reached whereby the Aragons would lend plaintiffs $27,000 and would receive a note for $31,000 to be paid in 58 monthly instalments of interest and principal, the entire balance then to be due. The transaction was consummated, plaintiffs giving the Aragons a trust deed on the land and apartment building thereon. Only the first payment of $300, due December 1, 1950, was made. In July, 1951, notice of trustee's sale was given and plaintiffs filed this action. By their complaint plaintiffs asked for (1) an injunction against foreclosure because the loan was usurious, (2) recovery of interest wrongfully collected and (3) declaratory relief. It was alleged that defendants had credited the amount of the bonus on the note, that this operated as a prepayment of monthly instalments equal to $4,000 and therefore plaintiffs were not in default.

Computations of interest were made at the trial which included as interest the agreed bonus. The court found, and plaintiffs concede, that it was slightly less than 10 per cent per annum and that it was not usurious.

■ Plaintiffs contend that the note provided for interest at a rate exceeding 7 per cent without a writing clearly expressing an agreement of the parties for such charge. From this premise they argue there was usury and that the debt could not be declared due until the last payment fell due. Article XX, § 22 of the Constitution, which relates to the rate of interest, provides as set out below.[1]

---

[1] "The rate of interest upon the loan or forbearance of any money, goods or things in action, or on accounts after demand or judgment rendered in any court of the State, shall be 7 percent per annum but it shall be competent for the parties to any loan or forbearance of any money,

The Usury Law, 2 Deering's General Laws, Act 3757, § 1, reads in part as set out below.[2]

As previously stated, the rate here in question was not over 10 per cent and we conclude that the agreement to pay interest was clearly expressed in writing. It has been plaintiffs' contention throughout, and correctly, that the bonus was charged as additional interest. Notwithstanding the stipulation that the rate would be 6 per cent plaintiffs offered to pay the bonus and there was a clearly expressed agreement to pay it. The parties understood it to be, and it was in fact, an additional charge for the use of money. (*Otis* v. *I. Eisner Co.*, 7 Cal.App.2d 496 [46 P.2d 235].) The writing met the requirement that it must clearly state that interest was being charged at a rate in excess of 7 per cent. (*Brown* v *Cardoza*, 67 Cal.App.2d 187, 194 [153 P.2d 767].)

Plaintiffs further contend that there was a charge of interest upon interest in violation of sections 1 and 2 of Act 3757 in that they agreed to pay interest upon the bonus of $4,000, or interest upon interest, without any agreement therefor in writing and that the penalty provisions of section 2 apply. The claim is not sustainable. There was a clearly expressed agreement to pay interest on the $4,000. Moreover, the agreement to pay interest on the bonus, whether expressed clearly or in ambiguous terms would not render the loan usurious nor subject the lenders to penalties. In *Lewis* v. *Pacific States Sav. & Loan Co.*, 1 Cal.2d 691, 695 [37 P.2d 439], the court stated: "We have already seen that giving full effect to the contentions of appellants, the limit of

---

goods or things in action to contract in writing for a rate of interest not exceeding 10 percent per annum.

"No person, association, copartnership or corporation shall by charging any fee, bonus, commission, discount or other compensation receive from a borrower more than 10 percent per annum upon any loan or forbearance of any money, goods or things in action."

[2]Section 1. "The rate of interest . . . shall be seven dollars upon one hundred dollars for one year . . . but it shall be competent for the parties to contract for the payment and receipt of a rate of interest not exceeding twelve dollars [now ten dollars] on one hundred dollars for one year . . . in which case such rate exceeding seven dollars on one hundred dollars shall be clearly expressed in writing."

Section 2. ". . . interest shall not be compounded, nor shall all the interest thereon be construed to bear interest unless an agreement to that effect is clearly expressed in writing and signed by the party to be charged therewith. Any agreement or contract of any nature in conflict with the provisions of this section shall be null and void as to any agreement or stipulation therein contained to pay interest and no action at law to recover interest in any sum shall be maintained and the debt cannot be declared due until the full period of time it was contracted for has elapsed."

twelve per cent per annum for the period of forbearance is not overreached. Besides, the promissory note itself provides for the payment of interest at the rate of ten per cent per annum upon all installments or portions thereof remaining unpaid at any maturity date. This would seem to be the compound interest or interest upon interest referred to by the act. The fact that the condemned items remain a part of the principal as shown by the face of the obligation, and draw interest, does not bring the transaction under the penalties prescribed by sections 2 and 3 of said act" and in *Brown* v. *Cardoza, supra,* 67 Cal.App.2d 187, 194, it was said: "We have grave doubts that, if a transaction is not usurious, so far as the interest charge is concerned, the portions of sections 1 and 2 above quoted were ever intended to render void all interest provisions if perchance the agreement to pay more than 7 per cent is not clearly expressed, or if interest is charged on interest without a clear agreement to that effect. The two portions of the sections quoted seem to embody a rule of construing ambiguous documents, rather than compelling a court to void all interest simply because the contract may be ambiguous."

Plaintiffs also contend that defendants credited $4,000 on the note and that it should have been applied to the payments on the note first falling due, hence they were not in default. The court found there was no credit but only a waiver of the bonus. The evidence supports this finding. In certain situations section 1479 Civil Code, upon which plaintiffs rely, governs in the matter of the application of performance to obligations "where a debtor under several obligations to another does an act, by way of performance, in whole or in part" etc. There was, here, no act of performance by plaintiffs—only a remission by the defendants of a part of the debt. Section 1479 does not apply.

There was no violation of the statute. Defendants had a right to declare the debt immediately due for nonpayment of the installments.

We find no merit in plaintiffs' claim that the court failed to find on material issues.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied January 19, 1953, and appellants' petition for a hearing by the Supreme Court was denied February 26, 1953.