*867
 
 THE COURT.
 

 The plaintiff sought to recover the balance due, under a conditional sale contract for the purchase of an automobile, after it had been repossessed and sold following the purchaser’s default. Recovery was denied the plaintiff on the theory that credit for the time price differential should be allowed. We are reversing the judgment because we have reached the conclusion that this theory was unsound.
 

 These facts were found by the trial court: On January 17, 1956, defendants purchased a car from Worthington Motors and executed a conditional sale contract therefor, in which the total cash price of the car was set forth as $2,466.85. After defendants made a down payment which covered part of the purchase price and paid license fees and the first year’s insurance premium, there remained an unpaid cash balance on the car of $2,168. To this was added a time price differential of $671.80. It was agreed that the resulting balance of $2,839.80 should be discharged in 30 monthly installments of $94.66 each, the first to be paid a month and three days after the execution of the contract. The contract provided that upon default of the purchaser, the seller might repossess the automobile, sell it, and hold the purchaser liable for any deficiency, with interest at the rate of 8 per cent per annum. The contract further provided that the purchaser would be liable for costs and attorney’s fees incurred by the seller in enforcing any rights under the contract.
 

 Immediately upon its execution, the contract was assigned by Worthington Motors to the plaintiff. The defendants made six monthly payments to the plaintiff before defaulting on August 20, 1956. A month later, no further payments having been made, the plaintiff repossessed the car and sold it for a net price of $1,681. After crediting the defendants’ account with $31.38, on cancellation of insurance on the car, a balance of $559.46 remained unpaid under the terms of the conditional sales contract.
 

 This action was commenced to recover the unpaid balance, together with interest, attorney fees and costs. The judgment that the plaintiff take nothing is explained by these conclusions of law, appearing as paragraph 5 of the findings of fact: ‘‘ That the defendants discharged their obligation under said contract before the final maturity thereof and are entitled to a refund credit against the time price differential charges found in said contract, which credit is found to be $559.46.”
 

 The defendants contend that a liberal construction of subdivision (d) of section 2982, Civil Code, allows them a
 
 *868
 
 refund credit against the time price differential. It is there provided that “the buyer may satisfy in full the indebtedness evidenced by such contract at any time before the final maturity thereof, and in so satisfying such indebtedness shall receive a refund credit thereon for such anticipation of payments.”
 

 The words of the section that we have quoted are clear and unambiguous. There is no authority cited by the defendants to support their construction of the section as encompassing a situation where the buyer defaults, as is here the case. The fact is that there has been no satisfaction of the indebtedness by the buyer and no anticipation of payments. Not only has there been no satisfaction of the total indebtedness by the buyer, but the buyer has not met the indebtedness which was due and immediately payable. This voluntary default constituted a breach of contract for which plaintiff was entitled to terminate defendants’ interest in the automobile and the contract and to repossess and sell the car under the terms of the contract.
 

 Section 2981, Civil Code defines “buyer” as meaning “the person who buys or hires property under a conditional sale contract, or any legal successor in interest of such person.” Under the terms of this definition as applied to section 2982, subdivision (d), Civil Code, it cannot be said that the “buyer” in section 2982, subdivision (d), should be read to include either the seller or the person to whom the car was sold after repossession, which is what must be done to support respondents’ contention. The contract provided that upon default of the buyer, his rights under the contract may be declared to be terminated by the seller, which, in effect, was done by the repossession and subsequent resale of the car. Neither the seller nor the subsequent purchaser of the car at the resale could be considered the successor in interest of respondent buyer since by his default and the subsequent repossession of the car respondent had no rights under the contract to which another could succeed. Therefore, it appears that there is no logical or authoritative basis for an interpretation of section 2982, subdivision (d) Civil Code which would include the events as here occurred.
 

 Respondents next argue that if a refund credit of the time price differential is not granted them, that plaintiff will be awarded a usurious rate of interest since the automobile was repossessed prior to the maturity date of the contract. It is true that section 2982, Civil Code is merely an
 
 *869
 
 extension of the usury laws.
 
 Stone
 
 v.
 
 James
 
 (1956), 142 Cal. App.2d 738, 740 [299 P.2d 305], citing
 
 Carter
 
 v.
 
 Seaboard Finance Co.
 
 (1949), 33 Cal.2d 564 [203 P.2d 758], However, it has been held that “the contract must in its inception require a payment of usury or it will not be held a violation of the statute and it may not be judged after some default of the borrower, which default alone authorizes penalties or forfeitures which, if exacted in the beginning, would have been a violation of the statute. [Citations.] ”
 
 Sharp
 
 v.
 
 Mortgage Security Corp.
 
 (1932), 215 Cal. 287, 290 [9 P.2d 819].
 

 In the case of
 
 Abbot
 
 v.
 
 Stevens
 
 (1955), 133 Cal.App.2d 242 [284 P.2d 159], plaintiffs borrowed $30,000 from defendant on a three-year note which provided for 10 per cent interest per annum payable, monthly. The terms of the note provided “Privilege is hereby reserved of paying this Note in full prior to maturity by payment of principal, accrued interest, and 180 days unearned interest as a pre-payment privilege.” Plaintiffs paid the note prior to maturity plus $1,500 for the privilege as provided in the terms of the note. They then brought suit for treble damages alleging, among other things, that the note was usurious. The court, in holding that the note was not usurious, stated at page 247, “Where the excessive interest is caused by a contingency under the lender’s control, or not under the borrower’s control, the transaction is usurious; otherwise when the contingency is under the borrower’s control. [Citations.]” Here, it appears that the provision of the contract calling for what would be an excessive rate of interest was entirely within the buyer’s control since subject to his default and therefore is not usurious.
 

 In concluding our discussion we observe that except as the Legislature has imposed limitations, parties are free to contract, respecting' the sale of property upon such terms as they may agree, and may provide for a greater sum for a sale with deferred payments than for a cash sale. There is nothing in subdivision (d) of section 2982, Civil Code, which expressly provides for a refund credit against the time price differential upon default of the buyer. If the Legislature had intended to allow a refund credit under such circumstances, it would have been a simple matter for it to have so stated. Absent such a statement, the contract of the parties governs.
 

 As the trial court has fully found the facts, except as to attorney fees incurred in bringing this action, and the evidence amply supports the findings, we see no purpose to be
 
 *870
 
 served by a new trial. We therefore reverse the judgment with these directions to the trial court:
 

 (a) Substitute for the present paragraph (5) of the Findings of Fact a finding of the amount of reasonable attorney fees incurred by the plaintiff in taking action to collect the balance due under the contract.
 

 (b) Substitute for the present conclusions of law the following : 1. That the plaintiff is entitled to judgment against the defendants for the sum of $559.46, together with interest thereon at the rate of 8 per cent per annum from the date of filing the complaint in this action until the entry of judgment; for the reasonable attorney fees found above; and to its costs of this action.
 

 (c) Enter judgment for the plaintiff, when the foregoing directions are carried out, in harmony with the newly made conclusions of law.
 

 The appellant shall have its costs on appeal.