[Civ. No. 26958.   Second Dist., Div. Three.   April 3, 1964.]

NORMAN MANN, Plaintiff and Appellant, v. GILMORE EARLS, JR., et al., Defendants and Respondents.

Dicker & Dicker and Robert L. Dicker for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, as Amici Curiae on behalf of Defendants and Respondents.

SHINN, P. J.—The appeal is by plaintiff from a judgment foreclosing a lien on the real property of defendants Earls. The ground of the appeal is that the judgment was for an insufficient amount.

By contract entered into May 3, 1961, Central Home Improvement Co., as contractor, agreed to furnish material and labor, to install footing and to do certain other construction work upon defendants' house in Los Angeles. The contract stated "Cash Selling Price $1,600.00, Down Payment Cash none, Trade-In none, Description none ... Unpaid Balance $1,600.00; Service Charge $740.00; Time Sale Price $2,340.00; Time Balance $2,340.00." Defendants executed their note for $2,340, payable in 60 monthly installments of $39 each. The note provided for acceleration of maturity by the holder in case of default and for attorney's fees for collection. Both the contract and the note gave the contractor a lien upon the real property as security for performance by defendants. The contract was transferred to plaintiff for a consideration of $1,350. Defendants did not appear in the action; their default was entered and judgment was given upon the evidence of plaintiff for the principal sum of $1,600, interest upon that sum for one year in the amount of $112, attorney's fees and

costs. The property was ordered sold at public auction, the judgment to be paid from the proceeds of the sale.

Plaintiff contends that the judgment should have been for the full amount of $2,340 with interest at 7 per cent per annum from the date of filing the complaint, plus attorney's fees and costs. Defendants Earls have made no appearance on the appeal and an amicus curiae brief has been filed by the county counsel on their behalf. By this brief, the judgment for less than the full contract price is justified upon the ground that the suit is in equity, plaintiff was awarded $1,600 with interest for a year and that to have awarded an amount for unearned interest and other charges for the entire five years would have amounted to a forfeiture in violation of section 3369, Civil Code, and the exaction of a sum that was not justly due to plaintiff in violation of familiar principles of equity. Such was the reasoning of the trial court.

Plaintiff does not question that an action for foreclosure seeks equitable relief or that a court in such an action will refuse to enforce grossly unfair contracts or penalties or forfeitures. The rights of the parties, he contends, are governed by the Unruh Act (Civ. Code §§ 1801 et seq.), a comprehensive enactment governing installment sales. He quotes section 1802.10 of the act which provides " 'Time price differential' or 'service charge' means the amount *however denominated or expressed* which the retail buyer contracts to pay or pays for the privilege of purchasing goods or services to be paid for by the buyer in installments. ... Wherever either of such terms is required to be used under the provisions of this chapter the other may be used interchangeably." (Italics added.)

He also cites section 1806.3 which provides "Notwithstanding the provision of any contract to the contrary, any buyer may pay the contract in full at any time before maturity and in so paying it shall receive a refund credit thereon for such anticipation. ..." Under this section the refund credit is the proportion of the service charge which the sum of the monthly time balances not yet due bears to the sum of all the monthly time balances.

Plaintiff argues that defendants would have been entitled to a remission of part of the service charge if they had voluntarily paid the entire contract before maturity as provided in section 1806.3; they paid nothing upon the contract and it became necessary for the creditor to foreclose; the act does

not provide for a "refund credit" in favor of a defaulting buyer and it must, therefore, be construed as denying to a defaulting debtor the credit which is due to one who voluntarily pays his debt in full before maturity. Plaintiff cites *Imperial Thrift & Loan* v. *Ferguson*, 155 Cal.App.2d Supp. 866 [318 P.2d 566], as authority for this contention. The section of the Civil Code, then in force, which was considered by the court was subdivision (d) of section 2982 which provided for a refund credit upon payment of the debt before maturity as does present section 1806.3. The action was at law upon the contract. The holder of an automobile sales contract who had repossessed the vehicle and sold it was held to be entitled to judgment for a deficiency. This holding, based upon the strict legal rights of the parties, has no application to the present action for foreclosure.[1] Plaintiff's position is patently untenable. The provisions of the act have no bearing upon the applicability of the principle that a court in an equitable action will not enforce grossly unfair and unconscionable demands or penalties or forfeitures.

The principle that a court will grant relief from the exaction of unearned interest was applied in *Steffen* v. *Refrigeration Discount Corp.*, 91 Cal.App.2d 494 [295 P.2d 727], quoting from 36 American Jurisprudence, Mortgages, section 386, page 882, as follows: "On the ground that the retention of unearned interest beyond the time of the payment of the debt would be unconscionable, it has also been held that the remittance of such unearned interest is a requisite for the enforcement of an acceleration clause. Thus, it has been held that a stipulation in a mortgage given to secure a fixed sum representing the aggregate of the principal of a debt and the interest thereon for the period of the mortgage, that on default by the mortgagor in the performance of certain conditions the whole sum secured shall become due, will not be enforced except upon the cancellation of the unearned interest."

■ Plaintiff endeavors to avoid application of this principle upon two grounds. The first is that there was no charge for interest in the contract but only a "service charge." It is futile to contend that the charge of $740 did not include compensation for the use of money, but it is immaterial what the charge was called (§ 1802.10), or what it was for. The

---

[1] The briefs do not discuss, and we do not consider what the rights of the parties would have been if the action had been strictly upon the contract, and not for foreclosure.

question is whether it was unearned in whole or in part. Plaintiff was awarded interest for one year which had been earned. Defendants could not have been required by judgment in this equitable action to pay a greater proportion of the charge than had been earned.[2]  ██  The second argument is that the defendants owed the entire amount from the beginning and their right to a remission of a part of the agreed debt is impliedly denied because it is not expressly granted by the statute, a position which, as previously stated, we hold to be untenable.

██  Plaintiff's demand for judgment in the amount of the contract price of $2,340 was properly denied as to the portion that was unsupported by consideration. To have allowed recovery for interest that had not been earned or services that had not been rendered would have enforced a grossly unfair demand and a forfeiture.

The judgment is affirmed.

Ford, J., and Files, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 27, 1964.

---

[2] Plaintiff does not complain that he should have been allowed a proportionate part of the service charge to the date of trial.