134 N.J. Super. 392 (1975)
341 A.2d 360
NEW JERSEY MORTGAGE AND INVESTMENT CORP., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
JOE YOUNG AND LILLIE MAE YOUNG, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 23, 1975.
*393 Mr. William Furst, attorney for plaintiff
DWYER, J.S.C.
Subsequent to default being entered against Joe and Lillie Mae Young (defendants), New Jersey Mortgage and Investment Corp. (plaintiff), assignee of a consumer note executed by defendants on February 22, 1973 in connection with a home repair contract made with Berkeley *394 Priorities Corp., applied for an order for entry of Judgment under R. 4:43-2(b) supported by affidavits. The amounts sought in the complaint totaled $4,131.10, consisting of $3,402 unpaid balance of the note (comprising $2,520 unpaid principal, $105 finance charge earned to date of filing, and $777 unearned finance charge), $48.70 in late charges and $680.40 in attorney's fees, together with interest and costs.
The affidavit of an officer of plaintiff stated that $243 had been paid since the commencement of suit on February 5, 1975, leaving a balance of $3,207.70, including late charges exclusive of attorney's fees.
Home repair contracts are governed by N.J.S.A. 17:16C-62 et seq. The statute contains provisions regulating the imposition of late charges, N.J.S.A. 17:16C-71; the amount of the service charges, N.J.S.A. 17:16C-69; prohibitions against additional charges, N.J.S.A. 17:16C-70, and prepayment of amounts due under the contract, N.J.S.A. 17:16C-73.
The contract specified a cash selling price of $3,600, a finance charge of $1,260, and a contract price of $4,860 payable in 60 equal monthly installments of $81, to begin April 22, 1973.
Under R. 4:43-2, even where default has been entered, a court should review the papers and make appropriate determinations in order to fix the amount due. For this purpose the court may require the submission of additional proof. Douglas v. Harris, 35 N.J. 270 (1961); Metric Investment, Inc. v. Patterson, 98 N.J. Super. 130 (Law Div. 1967), aff'd 101 N.J. Super. 301 (App. Div. 1968).
The court requested a supplemental affidavit concerning how the late charges were computed and extended counsel an opportunity to submit a memorandum of law on the question of whether in this case the court should apply the general rule that where a note includes unearned interest on the principal and the holder of the note accelerates the maturity, then the holder is not entitled to judgment for unearned *395 interest. See 10 C.J.S. Bills and Notes § 251 at 748 wherein it is stated:
A note providing for the payment of the principal in installments at specified times, and requiring the payment of interest on each installment until maturity, does not require the payment of future unearned interest in the event the maturity date is hastened by virtue of an acceleration clause contained in the note.
See also, 45 Am. Jur.2d, Interest and Usury, § 183 at 145-146. The court has found no New Jersey case construing the applicable provisions of N.J.S.A. 17:16C-62 et seq. in respect to this problem.
The court has not received a memorandum but has received a supplemental affidavit of an officer of plaintiff. That affidavit establishes that the late charges were added to the account of defendants in respect to 12 delinquent payments made after the respective due dates. Attached to the affidavit was a printed form of late notice that plaintiff sends out in its regular course of business. In that affidavit it is stated that such a notice was sent to defendants in respect to each of their overdue payments. The court concludes that plaintiff complied with N.J.S.A. 17:16C-71 (a) which provides:
(a) A home repair contract may provide for a delinquency or collection charge for default in the payment of any such contract or any installment thereof, if such default continues for a period of 10 days. Such charge shall not exceed 5% of the amount of the installment in default or $5.00 whichever is the lesser and may be collected in cash or charged to the owner's account. If charged to the owner's account such charge shall be levied within 35 days from the date of such default and written notification that such charge has been made shall be mailed to the owner within 5 days from the date when such charge was made.
However, plaintiff in the supplemental affidavit corrected an earlier mathematical error in computation of late charges. Based upon a late charge of 5% of each installment in default, plaintiff is entitled to $4.05 for each late payment or a total of $48.60.
*396 The contract recites that defendants agreed to execute a mortgage on the premises upon which the work was to be done. A check of the records in Essex County shows that defendants executed a mortgage to New Jersey Mortgage and Investment Corp. on February 22, 1973, and it was recorded on February 28, 1973.
In Block v. Ford Motor Credit Co., 286 A.2d 228 (D.C. Ct. App. 1972), the assignee of a retail installment contract appealed the trial court's decision permitting only recovery of principal plus interest up until the date of acceleration of maturity of the note triggered by conditional vendee's default. The court affirmed deduction of unearned interest in the note, stating:
[T]he retention of unearned interest beyond the time of the payment of the debt would permit the recovery of disproportionate damages, i.e., a penalty, and would therefore be unconscionable. Thus the courts have refused to enforce acceleration clauses except upon cancellation of the unearned interest. [at 234]
In A-Z Servicenter v. Segall, 334 Mass. 672, 138 N.E.2d 266 (Sup. Jud. Ct. 1956), the court reached the same result regarding a note securing a mortgage, holding that where defendant defaults on the note, plaintiff could recover only interest earned until acceleration of maturity. See also Northtown Theatre Corp. v. Mickelson, 226 F.2d 212 (8 Cir.1955); Berman v. Schwartz, 59 Misc.2d 184, 298 N.Y.S.2d 185 (Sup. Ct. 1968), aff'd 33 A.D.2d 673, 305 N.Y.S.2d 1019 (App. Div. 1969).
Courts have deducted unearned interest even where the interest was capitalized and was not separately referred to as interest in the note, such as in the note now before the court. See Chapman v. Capri Construction Co., 248 So.2d 101 (La. Ct. App. 1971).
The New Jersey Legislature has prescribed the maximum amount of the finance charge. N.J.S.A. 17:16C-69 provides:
*397 A home repair contractor may impose and receive a credit service charge not more than the following:
(a) in any case in which the due date of the last installment of the contract is more than 8 months after the date of the contract, $7.00 per $100.00 per year computed on the principal balance, or $12.00, whichever is greater:
(b) in any case in which the due date of the last installment of the contract is 8 months or less after the date of the contract, $7.00 per $100.00 per year computed on the principal balance, or $10.00, whichever is greater.
The Legislature has prohibited any additional charges in N.J.S.A. 17:16C-70 which states:
No home repair contractor or any other person shall charge, collect or receive from any owner, directly or indirectly, any further or other amount for costs, charges, insurance premiums, examination, appraisal service, brokerage, commission, interest, discount, expense, fee, fine, penalty or other thing of value in connection with a home repair contract, other than the charges permitted by this act and chapter 169 of the laws of 1958, except court costs, attorney's fees and the expenses of retaking and storing repossessed goods which are authorized by law.
The debtor under a home improvement contract is also assured by statute a right of prepayment without paying a penalty or additional charge and the return of any unearned interest if such a debtor prepays. N.J.S.A. 17:16C-73.
In Imperial Thrift & Loan Co. v. Ferguson, 155 Cal. App.2d Supp. 866, 318 P.2d 566 (Super. Ct. App. 1957), the Appellate Department reversed the trial court for crediting a conditional buyer of a car the amount of the unearned finance charge under a provision of the California Code comparable to N.J.S.A. 17:16C-73 where plaintiff had repossessed the car, sold it and sought a deficiency judgment. The Appellate Department said the buyer had not prepaid. It further held that to allow the conditional seller to recover the unearned interest did not violate the usury laws because the provision was in the contract from the outset and the conditional buyer could have avoided it by not allowing the contract to go into default. The court concluded:
*398 * * * There is nothing in subdivision (d) of section 2982, Civil Code which expressly provides for a refund credit against the time price differential upon default of the buyer. If the legislature had intended to allow a refund credit under such circumstances, it would have been a simple matter for it to have so stated. Absent such a statement, the contract of the parties governs. [318 P.2d at 568]
The New Jersey Legislature has limited the amount of the finance charge and also the amount that may be charged in addition, including collection costs, in N.J.S.A. 17: 16C-70. There is no indication that the sections of the California Code referred to in Imperial Thrift and Loan Co. v. Ferguson, supra, contained any comparable provision.
In Mann v. Earls, 226 Cal. App.2d 155, 37 Cal. Rptr. 877 (D. Ct. App. 1964), the court reached a different result from that in Imperial Thrift and Loan Co. In an action to foreclose a mortgage lien to secure the contract price for furnishing material and labor to improve a home, the court denied plaintiff recovery of the unearned interest portion of the finance charge. The holder of the contract had accelerated maturity upon default. The court said foreclosure was an equitable action and, as such, the court would not permit grossly unfair and unconscionable demands, penalties or forfeitures to be imposed upon in such an action.
There remained 37 full monthly payment periods at the time the complaint was filed herein and hence, unearned interest for over three years. To allow plaintiff a judgment which would bear interest and carry with it the strongest means of immediate collection would permit it to collect more than the Legislature intended in N.J.S.A. 17:16C-70 and to collect more by use of the acceleration clause than the general law pertaining to the exercise of an acceleration clause allows. Plaintiff's choice of a legal basis of recovery instead of an equitable one should not be the basis of determining on these facts whether defendant does or does not pay unearned interest for over three years, particularly in New Jersey where law and equity have been *399 merged. The court denies recovery for the unearned finance charge.
Credit for unearned finance charges under N.J.S.A. 17:16C-73 will be computed as of February 5, 1975, the date of filing the complaint. See Chapman v. Capri Construction Co., supra, where the court computed the earned interest until date of filing of the complaint and indicated the filing of the complaint was the exercise of the right of acceleration. But see Block v. Ford Motor Credit Co., supra; A-Z Servicenter v. Segall, supra; and 9 Cal. Code § 1806.3 (b), which indicate that date of entry of judgment has been considered for purposes of computation as well. Since the commencement of suit is the exercise of the right of acceleration pursuant to plaintiff's right under the note, it is more appropriate to use that date in this case because the amount is liquidated and is allowed interest at the regular rate from that date.
Applying the formula specified in N.J.S.A. 17:16C-73, the credit to be given for unearned finance charges equals the total amount of finance charge ($1,260) less a $15 acquisition cost, multiplied by the number of whole payment periods remaining after institution of suit (37) over the total number of payment periods (60). Defendants are thus allowed a credit of $767.75 on the total finance charge. Since defendants have already paid the sum of $1,701 on the note, there is remaining due $2,391.25.
Plaintiff also demands attorney's fees of $680.40 based upon the provision in the note which reads:
Upon default in the payment of any installment on its due date, the entire unpaid balance hereon owing shall, at the option of the holder hereof, become immediately due and payable, plus late charges of 5% of the amount of any installment in default for 10 days or $5.00 whichever is lesser and if placed in the hands of an attorney for collection after default, makers and endorsers agree to pay reasonable attorney fees.
Such fees are permitted under N.J.S.A. 17:16C-71(b).
*400 The April 10, 1975 affidavit of plaintiff's attorney indicates this request is computed as 20% of the unpaid balance due at the time of commencement of suit, then claimed to be $3,402.
Plaintiff's attorney is entitled to recover a reasonable fee for his services, and 20% of the amount due is reasonable for the services performed. Alcoa Edgewater No. 1 Fed. Credit Union v. Carroll, 44 N.J. 442 (1965); Armin v. Kullman, 127 N.J. Super. 600 (Law Div. 1974). However, because the court finds that defendant must receive a credit for unearned service charge after acceleration of the note's maturity, the 20% attorney's fee must be computed on the new balance found to be due, including late charges plus the $243 which defendants delivered after institution of suit. Thus, attorney's fees of $536.57 will be allowed.
For the foregoing reasons, judgment should be entered for plaintiff in the amount of $2,976.42 plus interest at the regular rate from date suit was commenced, and costs.