[Civ. No. 46797. First Dist., Div. One. June 23, 1981.]

JULIANNA FURESZ, Plaintiff and Appellant, v.
ANDRES C. GARCIA et al., Defendants and Respondents.

COUNSEL

Michael di Leonardo and George H. Smith for Plaintiff and Appellant.

Miller & Lea, F. James Miller and H. Eugene Andreasen for Defendants and Respondents.

OPINION

ELKINGTON, Acting P. J.,—Plaintiff Julianna Furesz' appeal is from "that portion of the judgment . . . in favor of defendants Andres C. Garcia and Rachel A. Garcia . . . providing that plaintiff was not entitled to unaccrued interest after defendants' breach on their obligations under a promissory note and deed of trust for the sale of certain real property."

There is no substantial dispute as to the relevant facts.

Plaintiff and her now deceased husband were the payees of a promissory note executed by defendants in 1969 for $24,000, payable in monthly installments of "principal and interest" of $193.35 (*not* "or more") over a period of 20 years. The promissory note was secured by a trust deed, of which defendants were trustors, on real property consisting of an improved building lot, and it contained the following provision: "In the event the herein described property or any part thereof, or any interest therein is *sold, agreed to be sold, conveyed or alienated* by trustor, or by the operation of Law or otherwise, all obligations secured by this instrument, irrespective of the maturity dates expressed therein, *at the option of the holder thereof and without demand or notice shall immediately become due and payable.*" (Italics added.)

Eight years later, when there was a principal balance on the promissory note of approximately $18,000, defendants "sold, agreed to be sold, conveyed or alienated" the subject real property. In the course of the transaction defendants tendered plaintiff the amount of principal and interest then due, in order that the real property might be "refinanced." Plaintiff rejected the tender upon defendants' refusal to add another $3,500, a figure which approximated income taxes on capital gain resulting from the prepayment, if made. (Somehow defendants' sale transaction was consummated, apparently by the placing of funds by defendants in escrow as required by a title insurance company.)

Plaintiff thereupon filed the instant action under Code of Civil Procedure section 726 against defendants. She *expressly* elected therein to declare, pursuant to the promissory note, that all obligations secured by the promissory note had become "due and payable by virtue of their sale or attempted sale and/or conveyance of said real property." It was alleged that the "remaining obligation of defendants is to pay the sum of $193.35 for each of the remaining months of the term of said promis-

sory note, i.e., for 148 months, for a total of $28,615.80." Also sought by the action was judicial foreclosure of the real property.

It will be seen that plaintiff sought to recover all of the interest payments which would have become due and payable during the ensuing 12 years were the $193.35 monthly installment payments to continue as provided by the promissory note. The additional unearned interest approximated $10,000, i.e., the difference between the principal amount then unpaid, and the $28,615.80 sought by plaintiff's action.

Following a nonjury trial the court, in orally stating its conclusions (written findings of fact were waived), announced: "[W]hen you [plaintiff] filed the complaint, which exercised the option, the amount due is principal plus interest to the date of the complaint, not for the duration of the note.... I am satisfied you cannot collect unearned interest when you accelerate the principal.... [S]o there is due today the principal plus interest to this date."

Judgment was thereafter ordered "for the unpaid principal in the amount of $18,555.02" together with such interest as was *then* due on the promissory note, and that upon such payment "plaintiff shall execute and deliver to defendants a full reconveyance of that deed of trust, ..." (No order for a foreclosure sale of the real property was made, apparently upon the recognition of all that it would be unnecessary; plaintiff makes no complaint of the omission.)

It is the above-mentioned judgment from which the appeal was taken.

■ The appeal's issue is whether the trial court, in its orally delivered notice of intended decision, correctly applied apposite law. We conclude that it did, for the reasons we now state.

We note initially that the 12 years of additional interest totaling roughly $10,000 was unearned. While that interest was at least superficially capitalized as principal, the promissory note itself describes the monthly installments as of "principal and interest." (Nor does plaintiff make any contention that the additional sums sought constitute other than unearned interest.) And in any event it was "immaterial what the charge was called" (*Mann* v. *Earls* (1964) 226 Cal.App.2d 155, 158 [37 Cal.Rptr. 877]); we are concerned with the substance of the transaction rather than its form (Civ. Code, § 3528).

Controlling is the rule stated by *Mann* v. *Earls, supra*, 226 Cal. App.2d 155, 158, as follows:

"'On the ground that the retention of unearned interest beyond the time of the payment of the debt would be unconscionable, it has also been held that the remittance of such unearned interest is a requisite for the enforcement of an acceleration clause. Thus, it has been held that a stipulation in a mortgage given to secure a fixed sum representing the aggregate of the principal of a debt and the interest thereon for the period of the mortgage, that on default by the mortgagor in the performance of certain conditions the whole sum secured shall become due, will not be enforced except upon the cancellation of the unearned interest.'" (See also *Steffen* v. *Refrigeration Discount Corp.* (1949) 91 Cal.App.2d 494 [205 P.2d 727], *passim.*)

The rule of *Mann* v. *Earls* appears to be followed with near unanimity throughout the courts of the nation. (See 55 Am.Jur.2d, Mortgages, § 372, pp. 422-423; Annot. (1975) 63 A.L.R.3d 10-38, §§ 1-10; and see authority in those works collected.) We apply the rule here.

We have not failed to consider the many incidental points and arguments raised by plaintiff.

Much of her briefs is given to argument that her promissory note and conduct in relation to it were not usurious, a proposition with which defendants properly agree. (See *French* v. *Mortgage Guarantee Co.* (1940) 16 Cal.2d 26 [104 P.2d 655, 130 A.L.R. 67], *passim.*)

Our holding would not deny contracting parties the right to agree to a prepayment penalty, reasonably attuned to any prejudice to be suffered by a promissory note's payee in the event of its early payment, and otherwise in accordance with law. (Cf. Bus. & Prof. Code, § 10242.6; Civ. Code, §§ 2954.9, 2985.6; *French* v. *Mortgage Guarantee Co., supra*, 16 Cal.2d 26, *passim*; *Williams* v. *Fassler* (1980) 110 Cal. App.3d 7 [167 Cal.Rptr. 545], *passim*; *Meyers* v. *Home Sav. & Loan Assn.* (1974) 38 Cal.App.3d 544 [113 Cal.Rptr. 358], *passim*; *Lazzareschi Inv. Co.* v. *San Francisco Fed. Sav. & Loan Assn.* (1971) 22 Cal.App.3d 303, 307-311 [99 Cal.Rptr. 417].) We do no more than say that one may not, by the expedient of a unilateral acceleration of a promissory note's maturity, thereby gain entitlement to unearned interest thereon.

The plaintiff here, of course, would have held the right, had defendants defaulted on the promissory note, to entertain foreclosure proceedings according to Code of Civil Procedure sections 726 and 728 *without* acceleration of the note's maturity. It is not true, as argued by her, that to foreclose the plaintiff must accelerate the debt. (See Code Civ. Proc., § 728.)

We have also considered plaintiff's prelitigation offer to accept $3,500 in exchange for permission to prepay the promissory note's indebtedness. At that point, on the record before us and the law as we understand it, without compliance with the offer defendants had no *right* to prepay; it was plaintiff's acceleration of maturity which created the right, with a corresponding denial to her of unearned interest upon its exercise.

And finally we take note of plaintiff's plea that principles of equity allow this court "to award part [or] all of the unearned interest pursuant to the contract provisions, depending upon its analysis of the acts of the parties subsequent to the loan agreement." We are of the opinion that that would be contrary to settled law and, were it not so, that no cognizable disparity in "the acts of the parties" appears which would reasonably call for such a result.

The judgment is affirmed.

Newsom, J., and Grodin, J., concurred.